IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 4:08-CR-165-A |
| | § | |
| RANDALL WOLFORD | § | |

## CHARGE OF THE COURT

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened--that is, in reaching your

decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence received during the trial and the law as given and explained to you by the court, without prejudice or sympathy for or against the defendant. That was the promise you made and the oath you took before being accepted by the parties as jurors, and the court and the parties have the right to expect nothing less.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the accused has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

You will note that the Indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the Indictment.

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the

witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that control in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions, ~~and exhibits~~. You must disregard those questions, and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question, ~~or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision~~. Your verdict must be based solely on the legally admissible evidence and testimony.

---

[1] This language should be used only if justified by the trial proceedings.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the Indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence. You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that something is or is not a fact. The

5

law makes no distinction between the weight you may give to either direct or circumstantial evidence.

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believ-ability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These

are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of a defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]²

As I stated above, the law does not require a defendant to prove his innocence or produce any evidence at all. The defendant has an absolute right not to testify and no inference whatever may be drawn from the election of the defendant not to testify.

During the trial you heard the testimony of witnesses who have expressed opinions concerning certain matters. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state and opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it

---

²This language should be deleted if the defendant does not testify.

³This language should be deleted if the defendant does testify.

7

or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

The defendant is charged in the indictment with Attempted Enticement of a Child, in violation of Section 2422(b) of Title 18 of the United States Code.  Title 18, United States Code, Section 2422(b), makes it a crime for anyone to knowingly use any mail or facility or means of interstate commerce to attempt to persuade, induce or entice any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense.  For you to find the defendant guilty of this crime, as alleged in the

Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First Element:

    That on or about the date set out in the indictment, the defendant knowingly attempted to persuade, induce or entice an individual who he believed to be under the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense; and

Second Element:

    That when engaging in the conduct described in the First Element the court just described the defendant engaged in conduct that constituted a substantial step towards the commission of a criminal offense of the kind referred to in such First Element that strongly corroborates the defendant's intent to commit such criminal offense; and

Third Element:

    That the defendant knowingly used a facility of interstate commerce when engaging in the conduct described in the First Element the court just described.

The term "any sexual activity for which any person can be charged with a criminal offense," as used in the First Element the court just described, refers to the crime described in Section 22.011(a)(2) of the Texas Penal Code, which states that "A person commits an offense if the person[] intentionally or knowingly:

> (A) causes the penetration of the anus or sexual organ of a child by any means;
>
> (B) causes the penetration of the mouth of a child by the sexual organ of the actor;
>
> (C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;
>
> (D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or
>
> (E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

The word "Child," as that word is used in section 22.011(a)(2) of the Texas Penal Code, means any person younger than 17 years of age who is not the spouse of the defendant.

The term "using any facility or means of interstate commerce" means employing or utilizing any instrumentality used

10

for transmission of communications, such as the Internet, from one state to another state in the United States. The Government must prove that the Defendant used a facility or means of interstate commerce, but the Government is not required to prove that defendant's use of such facility was to transmit a communication from one state to another state. Using a computer connected to the Internet, particularly using Internet chat rooms, constitutes "the use of a facility or means of interstate commerce," even though the communications in question may have actually been intrastate in character. Use of telephone networks and the Internet constitute use of facilities of interstate commerce and do not require any evidence that the online Internet conversations were routed through an interstate system.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. ~~The term "knowingly" refers to the act of using a means or facility of interstate commerce, to an awareness of the general nature and character of the online conversations and pictures sent by the defendant, and to defendant's belief that the individual to whom he attempted communicating was under the age of eighteen (18).~~

11

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

whether the defendant acted according to a plan or in preparation for commission of a crime;

or

whether the defendant committed the acts for which he is on trial by accident or mistake.

12

These are the limited purposes for which any evidence of other similar acts may be considered.

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged in the indictment. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Keep constantly in mind that it would be a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on the count of the Indictment. Other than the possibility that the court could make an inquiry into whether deliberations were conducted properly, your deliberations will be secret, and you will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  You must individually decide the case for yourselves, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts.  Your sole interest is to seek the truth from the evidence in the case, to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for in the Indictment, either guilty or not

guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the Indictment, until after you have reached a unanimous verdict.

SIGNED December 15, 2008.

JOHN McBRYDE
United States District Judge