```
 1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF TEXAS
 2                            FORT WORTH DIVISION

 3
       UNITED STATES OF AMERICA        .   CRIMINAL ACTION NO.
 4                                     .   4:08-CR-165-A
       VS.                             .
 5                                     .
       RANDALL WOLFORD                 .   December 11, 2008
 6                                     .   4:33 p.m.
       .   .   .   .   .   .   .   .   .   .
 7

 8                        TRANSCRIPT OF PROCEEDINGS
                             (Telephone Conference)
 9               BEFORE THE HONORABLE JOHN H. McBRYDE
                        UNITED STATES DISTRICT JUDGE
10

11     APPEARANCES:

12     For the United States:          Mr. Alex C. Lewis
                                       Assistant United States Attorney
13                                     801 Cherry Street, Suite 1700
                                       Fort Worth, Texas  76102
14                                     (817) 252-5200

15     For Defendant Wolford:          Mr. Danny D. Burns
                                       Attorney at Law
16                                     115 North Henderson Street
                                       Fort Worth, Texas  76102
17                                     (817)870-1544

18     Official Court Reporter:        Eileen M. Brewer
                                       424 United States Courthouse
19                                     501 West Tenth Street
                                       Fort Worth, Texas  76102-3637
20                                     (817) 850-6661

21

22

23

24     Proceedings recorded by mechanical stenography, transcript
       produced by computer-aided transcription.
25
```

```
 1                   P R O C E E D I N G S,

 2            THE COURT:  We're on the line.  This is a conference

 3   call between the attorney for the government and the attorney

 4   for the defendant in No. 4:08-CR-165-A.  It's United States of

 5   America versus Randall Wolford.  And my understanding is that

 6   Mr. Lewis is on the line for the government?

 7            MR. LEWIS:  That's correct, sir.

 8            THE COURT:  And that Mr. Burns is on the line for the

 9   defendant?

10            MR. BURNS:  Yes, Your Honor.

11            THE COURT:  Okay.  Anybody else on the line?

12       (No response.)

13            THE COURT:  Apparently not.  I have with me the court

14   reporter, who is taking this down, and Marjorie Panter, the law

15   clerk working with me on this case.

16       I've reviewed the agreed charge, and I think it's

17   atrocious.  And that's the purpose of the conference, to discuss

18   it.  I may be wrong and somebody might convince me that it's

19   not, but it seems to me that it is.

20       So I'm going to go through -- Some of the changes I'm going

21   to suggest are not really significant.  They just make it read a

22   little better, but I'm going to go through those, too.

23       I'm working from a copy that we printed out from the disk

24   that the U.S. Attorney's Office sent over, so the pagination may

25   not exactly match up with yours, but I think I can describe
```

1    where I am in such a way that you can locate it on yours.

2         On page 5 of yours -- I'm sorry, page 4 of yours.  Do both

3    of you have your agreed charge in front of you?

4              MR. LEWIS:  Yes, sir.

5              MR. BURNS:  Yes, Your Honor.

6              THE COURT:  Okay.  The paragraph that starts with,

7    "While you should consider only," and then following that is a

8    paragraph that is, "In considering the evidence, you may make

9    deductions or reach conclusions," so on.  Do you see where I'm

10   talking about?

11             MR. LEWIS:  Yes, sir.

12             MR. BURNS:  Yes, Your Honor.

13             THE COURT:  I'm proposing to eliminate the language in

14   that second paragraph down to where the sentence will start,

15   "You should not be concerned about whether the evidence is

16   direct or circumstantial," and leave everything in that

17   paragraph that precedes that out, because it exactly repeats

18   what's in the immediately last sentence of the paragraph above

19   it.  Do you see what I'm talking about?

20             MR. LEWIS:  Yes, Your Honor.

21             MR. BURNS:  Yes, Your Honor.

22             MR. LEWIS:  On page 4, Your Honor, whenever you state

23   you're proposing to take out the, "In considering the evidence

24   you may make deductions"?

25             THE COURT:  "And reach conclusions which reason and

1   common sense lead you to make; and."  Take out all those words.

2           MR. LEWIS:  Okay.

3           THE COURT:  So the sentence starts, "You should not be

4   concerned," so on.

5           MR. LEWIS:  Okay.  I'm sorry, Judge.  I'm with you

6   now.

7           THE COURT:  And then I'll combine those into a single

8   paragraph.

9       Okay.  Let me see what --

10          MR. LEWIS:  Combine that into a single paragraph with

11  the paragraph just previous?

12          THE COURT:  Yes.

13          MR. LEWIS:  Yes, sir.

14          THE COURT:  Okay.  Let me see what your page is.  On

15  your page 6, you have starting with, "During the trial, you

16  heard the testimony of Kyle Gibson."

17          MR. LEWIS:  Yes, sir.

18          THE COURT:  Do both of you find that?  And then the

19  paragraph after that is, "During the trial you heard the

20  testimony of witnesses who expressed opinions," so on.  My

21  proposal is to change the one that mentions Kyle Gibson so that

22  the first sentence of that paragraph will read, "During the

23  trial you heard the testimony of witnesses who gave opinions as

24  experts on certain subjects," period.  And that will replace the

25  first sentence you have that says, "During the trial you heard

1    testimony of Kyle Gibson," and replace that whole sentence.  In

2    other words, without naming the experts, I just tell them

3    they've heard the testimony of witnesses that gave opinions as

4    experts on certain subjects, period.  And then the way I

5    propose, it then continues on with, "If scientific, technical,

6    or other specialized knowledge," so on.

7         And then I eliminate entirely the paragraph following that

8    where it refers to, "During the trial, you have heard testimony

9    of witnesses who have expressed opinions concerning matters of

10   forensic science."  I don't think we need two paragraphs on

11   expert witnesses.

12             MR. LEWIS:  I understand, Judge.

13             THE COURT:  And I think by making the change I've made

14   in the first paragraph, it eliminates the need for the second

15   paragraph.  If either one of you has any disagreement with what

16   I'm suggesting, tell me as we go along.  If you don't tell me,

17   I'll assume you're in agreement.

18             MR. BURNS:  I have no problem with those changes, Your

19   Honor.

20             MR. LEWIS:  I have no problem whatsoever, sir.

21             THE COURT:  Okay.  Now, on page -- Let's see, it's

22   your page 7 and 8.  You have three paragraphs starting with,

23   "Exhibits have been identified as typewritten transcript of the

24   oral conversation."  Then you have the next paragraph, "I've

25   admitted the transcripts."  The next paragraph, "You are

1    specifically instructed."

2        Mr. Lewis, I'm sure you put that in there because you're

3    not accustomed to our practice.  Mr. Burns wouldn't have because

4    he is accustomed to our practice.  We don't put that in there.

5            MR. LEWIS:  I apologize, sir.  Take out the paragraph

6    starting with "Exhibits," and also take out the paragraph of "I

7    have admitted."

8            THE COURT:  And the next paragraph.

9            MR. LEWIS:  "You are specifically instructed."

10           THE COURT:  Yes.  Those are paragraphs that are

11   normally used if the videotape is played to the jury and the

12   transcript is only to allow the jury to follow along.  We don't

13   do that.  We offer the transcripts as the primary evidence.

14       Now, as far as the one audiotape that you're going to play,

15   you're not going to have a transcript.  You're just going to

16   play it.

17           MR. LEWIS:  I understand, sir.

18           THE COURT:  Now we're getting to the problem areas.

19   Tell me before we discuss the elements of the offense, and I'm

20   talking about starting on page 8, tell me what the evidence is

21   going to show.  I read a transcript of something, and I think it

22   may have been the transcript of where the news media trapped

23   this defendant into thinking he was meeting with a 13-year-old

24   girl.

25       Is that the sort of thing that we're going to be hearing in

1  the trial as far as this offense is concerned, or was there

2  actually some physical sexual contact?

3          MR. LEWIS:  There was not any actual physical sexual

4  contact.

5          THE COURT:  Well, are we going to be hearing the

6  evidence in this case of this offense basically what happened in

7  that news media type thing?

8          MR. LEWIS:  I think it will be similar, sir, in that

9  there was an undercover officer portraying an underaged minor,

10  so, yes.

11          THE COURT:  Well, what did he say to the minor?  Did

12  they actually meet?

13          MR. LEWIS:  There was a meet arranged, sir, in which

14  the defendant did arrive on the scene to meet the individual,

15  the decoy, who was not underage.  She was 19, and a brief

16  conversation took place between them.

17          THE COURT:  Well, did he propose sexual activity?

18          MR. LEWIS:  Not during that meet, sir.

19          THE COURT:  Well, what kind of propositions that would

20  constitute sexual activity did he make over the telephone -- or

21  over the computer?  Is this over the computer?

22          MR. LEWIS:  Yes, sir.  Yes, sir, it was.

23          THE COURT:  Okay.

24          MR. LEWIS:  Over the computer, he wanted to have oral

25  sex with her as well as genital sex, sir.

1            THE COURT:  And that was specifically discussed?

2            MR. LEWIS:  Yes, sir.

3            THE COURT:  Okay.  The elements really don't make any

4    sense in the context of what you have just told me.  So let's go

5    over the elements starting on your page 8.  Let's go over each

6    one of them and see.  Maybe I'll understand it better now that

7    you told me what you have.

8         First, that on or about the date set forth in the

9    indictment, the defendant did knowingly attempt to persuade,

10   induce, or entice an individual who had not attained the age of

11   18 years to engage in any sexual activity for which any person

12   can be charged for a criminal offense.

13        Now, shouldn't that be to engage in a person he believed to

14   be under the age of 18?

15            MR. BURNS:  Well, I believe the statute specifically

16   says, though, that it has to be somebody who has not attained

17   the age of 18.

18            THE COURT:  Well, Mr. Burns, if that's right, the

19   government wouldn't even be going to trial in this case.  I

20   assume the government has some authority that they believe to be

21   is enough; is that correct?

22            MR. LEWIS:  That's correct, sir.

23            THE COURT:  What?

24            MR. LEWIS:  Yes, sir, that's correct, sir.

25            THE COURT:  Well, isn't that what the first element

1    should be, then?

2              MR. LEWIS:  Yes, sir.

3              THE COURT:  Entice an individual who he believed to

4    be.

5              MR. LEWIS:  That he believed to be under the age of

6    18, yes, sir.

7              THE COURT:  Be under the age of 18 years to engage in

8    any sexual activity for which any person can be charged for a

9    criminal offense.

10        Okay.  Now, we're going to have to define what that means

11   someplace.  Do you believe it's defined in here someplace,

12   Mr. Lewis?

13             MR. LEWIS:  As far as the statute is concerned, no,

14   Judge, it's not defined as far as I'm aware of.

15             THE COURT:  Well, I mean what criminal offenses are

16   you referring to?

17             MR. LEWIS:  Oh, I apologize, Judge.  I was referring

18   to the Texas State Penal Code, Judge, where it makes it an

19   offense for an adult to have sexual intercourse with a minor,

20   and that is later on in the instructions.  It's not next to the

21   elements, sir.

22             THE COURT:  Well, it ought to be there, and let's see

23   if we can figure out how to deal with that.

24             MR. LEWIS:  Yes, sir.  I think, Judge, that that

25   information about the Texas Penal Code is on page 11.

```
 1              THE COURT:  Okay.  Let's work on that a minute.

 2              MR. LEWIS:  Oh, okay.

 3              THE COURT:  I'm looking at it.

 4              MR. LEWIS:  Oh, okay.  I'm sorry, Judge.

 5         (Brief pause.)

 6              THE COURT:  Okay.  Let's start that part where you

 7    have the term "any sexual activity."

 8              MR. LEWIS:  Yes, sir.

 9              THE COURT:  Let's move that up to where it follows

10    immediately after what you now have as the second element on

11    your page 8.  Move that whole thing starting with the term "any

12    sexual activity," that paragraph.

13              MR. LEWIS:  Yes, sir.

14              THE COURT:  Starting with that, going down through the

15    paragraph on your page -- Well, I've lost track of where I am.

16              MR. LEWIS:  I think you're on page 12, Your Honor, and

17    then to include the definition of the Texas Penal Code of

18    "child."  If you want me to move that up right underneath the

19    second element, I believe you were saying.

20              THE COURT:  Yes.  Down through the definition of

21    "child," and I'm working on that definition.

22              MR. LEWIS:  Oh, yes, sir.

23              THE COURT:  Bring that word "child" all the way back

24    over to the left margin.  Leave out the reference to the penal

25    code.  Start the sentence with, "'Child' is defined in Texas
```

1    Penal Code, Section" so-and-so, "to be," and then pick back up

2    with "a person younger than 17 years of age."

3         Did you follow what I just said?

4              MR. LEWIS:  I believe so, sir.  Start with the word

5    "Child as is defined in the Texas Penal Code," and then go --

6              THE COURT:  "To be."

7              MR. LEWIS:  -- with the definition.

8              THE COURT:  "To be a person younger than 17 years of

9    age."

10             MR. LEWIS:  Right, sir.

11             THE COURT:  And put that over to the left margin so

12   it's clear that it is related to the term "any sexual activity."

13             MR. LEWIS:  Yes, sir.  And the entire -- that entire

14   section for that definition needs to go after the second

15   element?

16             THE COURT:  I think that's right.

17             MR. LEWIS:  Yes, sir.  Okay.

18             THE COURT:  Now, you have another set of elements on

19   -- Let's see, it's on your page 9.

20             MR. LEWIS:  Page 9, sir.  About the attempt, about the

21   definition of "attempt."  With the way that now reads in the

22   elements, I'm not sure that we need that.  But, of course, I'll

23   listen to the Court's suggestion.

24             THE COURT:  Well, I don't think you need it, either.

25   That was what I was going to say.

```
 1            MR. LEWIS:  Okay.

 2            THE COURT:  Now, you may want to put the second

 3  element that you have there as a second element on page 8, and

 4  make what you now have as the second element on page 8 the third

 5  element.

 6            MR. LEWIS:  Yes, sir.

 7            THE COURT:  But you're going to have to work on that.

 8            MR. LEWIS:  Not a problem, sir.

 9            THE COURT:  Do you see that somehow -- I only want one

10  set of elements.

11            MR. LEWIS:  Yes, sir, I understand, sir.

12            THE COURT:  And you figure out how to use that second

13  element.  You're going to have to reword it, but figure out how

14  to use that second element with the elements you have on page 8.

15            MR. LEWIS:  Yes, sir.

16            THE COURT:  So we only have one set of elements.

17            MR. LEWIS:  Yes, sir.

18            THE COURT:  Now, on the definition of "interstate

19  facility or means of interstate commerce," what are you

20  considering the interstate commerce to be, the computer?  Use of

21  the computer?

22            MR. LEWIS:  Yes, sir.  The use of the computer to get

23  on the Internet, sir.  And there's also one phone call made, I

24  guess, that would also qualify, just to be honest with the

25  Court.  But the sexual talk and the sexual transactions occurred
```

U.S. DISTRICT COURT

1    on the Internet.

2            THE COURT:  Well, you're going to have to change that

3    definition to where it's more pointed to this case.  There's no

4    travel, there's no trade, there's no transportation.  Let's

5    leave that junk out.

6            MR. LEWIS:  Yes, sir.

7            THE COURT:  That doesn't have anything to do with this

8    case.

9            MR. LEWIS:  Yes, sir.

10           THE COURT:  Let's leave out territory or possession.

11   That doesn't have anything to do with this case.  Leave that

12   junk out.

13           MR. LEWIS:  Got it, sir.

14           THE COURT:  And if you're talking about the Internet

15   or whatever, be specific as to what you're talking about.

16           MR. LEWIS:  Yes, sir.

17           THE COURT:  Now, the communication he had, whether it

18   was by computer, Internet, or telephone, was not interstate the

19   way that description is described -- is used.  His wasn't

20   commerce.  His was not a use of an instrumentality between one

21   state and another.  If you leave it that way, the jury is going

22   to think that, well, that doesn't apply to this case because

23   what he did was within the state.  I assume that's right.

24           MR. LEWIS:  No.

25           THE COURT:  Is that not right?

1          MR. BURNS:  The government is going to try to show,

2   Your Honor, that he was in another state at the time that he was

3   communicating with --

4          THE COURT:  Oh, okay.

5          MR. LEWIS:  Well, no, that's not entirely correct.  I

6   know what Mr. Burns is saying, sir.  And during the first parts

7   of the chats, the defendant did state that he was in a different

8   state.  However, the government's position is that it doesn't

9   necessarily require us to prove that he was outside of a

10  different state, just that he used a facility.

11         THE COURT:  Mr. Lewis, I agree with you.  It doesn't

12  require that he be outside the state, but the way your

13  definition is read, if you don't change it in some way to make

14  clear that even if he's not outside the state, it's still deemed

15  to be interstate commerce.

16         MR. LEWIS:  Yes, sir.

17         THE COURT:  You have to make that clear.  They're

18  going to win the case on that definition if you don't figure out

19  how to state it properly.

20         MR. LEWIS:  Yes, sir.

21         THE COURT:  If you and I don't.  I'm sure Mr. Burns

22  and his co-counsel are not going to help you on that.

23         MR. BURNS:  We're very helpful.

24         MR. LEWIS:  Yes, sir.

25         THE COURT:  So I'm going to leave it up to you.  I

1  haven't spent the time to figure out how to say it, but you need

2  to say it in such a way the jury understands he doesn't have to

3  be in another state.

4          MR. LEWIS:  Yes, sir.

5          THE COURT:  If they're both in the same state, they

6  still used a facility or means of interstate commerce.  So work

7  on that.  I haven't thought that out as to exactly how that's

8  going to have to be worded.

9          MR. LEWIS:  Yes, sir.

10          THE COURT:  Okay.  The definition of "minor" is fine,

11  and I frankly don't remember where you use the word "computer,"

12  why you're defining that.  Where did you use the word

13  "computer"?

14          MR. LEWIS:  Well, Judge, I honestly put that in there

15  because we were talking about computers, and I didn't want the

16  jury to be confused.  But I can take that out.

17          THE COURT:  Well, I'm not saying it ought not to be in

18  there, and I see where "computer" was used, in the last sentence

19  of the immediately preceding paragraph.

20          MR. LEWIS:  Okay.  Yes, sir.

21          THE COURT:  I think you need to work on that.  To me,

22  it's confusing what all you're doing there.

23          MR. LEWIS:  Yes, sir.

24          THE COURT:  Okay.  Now, let's go over to page -- Let's

25  see, it's your page 10, the paragraph about the middle of the

1  page, "The government must also show that the defendant knew

2  that the individual to whom he attempted to entice was under the

3  age of 18."  You're going to lose the case if that's in there.

4  He didn't know that.  So what are you going to do about that,

5  Mr. Lewis?

6          MR. LEWIS:  I'm sorry, Your Honor.  I was listening

7  and reading at the same time, sir, and I know you just asked me.

8  It's not that I'm. . .

9          THE COURT:  I understand.  Now, you may try later on

10 to undo what you just said, but I bet the jury has that ringing

11 in their ears when Mr. Burns gets through.  Oh, the defendant

12 did not have knowledge of the actual age.  The defendant must

13 have had knowledge or reason to know, or an awareness, or notice

14 or belief or ground for belief warranting further inquiry.

15 That's a bunch of nonsense.

16    Isn't it sufficient to say that he -- you're going to win

17 the case only if you have law that says that his belief that the

18 person was under 18 years of age is enough.  That's the only way

19 you're going to win the case, isn't it?

20          MR. LEWIS:  Yes, sir.

21          THE COURT:  Well, doesn't that whole paragraph come

22 out?

23          MR. LEWIS:  It is much more confusing than that, sir,

24 yes.

25          THE COURT:  Well, we now have as an element that the

```
 1   jury has to find he believed that the person was under the age
 2   of 18.  So what's this whole paragraph in there for?
 3              MR. LEWIS:  Yes, sir, I understand.  To me, the
 4   paragraph is in there to show that while -- I understand what
 5   you're saying now, Judge.
 6              THE COURT:  Well, there may be a good reason to have
 7   these things in here that I don't understand.
 8              MR. LEWIS:  And to me, sir, the paragraph reads that
 9   the government -- or the government must show that the defendant
10   had reason to believe that the individual he was talking to was
11   under the age of 18.
12              THE COURT:  Well, isn't it enough to ask the jury if,
13   in fact, he believed?
14              MR. LEWIS:  Yes, sir.  Yes, sir, it is.
15              THE COURT:  Well, let's take that paragraph out.
16      And how about the paragraph that follows that?  What's that
17   in there for?  "Knowledge may be proved like anything else."
18   You're not claiming he knew what her age was.  You're claiming
19   he believed it.
20              MR. LEWIS:  Correct, sir.
21              THE COURT:  So it looks to me like that ought to come
22   out.
23      Now, I don't know what that paragraph about the natural
24   probable and -- natural and probable consequences of the acts
25   knowingly done and knowingly omitted.  I don't know what that's
```

```
 1    in there for, but it may have a purpose, so I'm not going to

 2    tell you --

 3              MR. LEWIS:  I apologize, Judge.  Did you say what page

 4    that was on, sir?

 5              MR. BURNS:  Ten.

 6              THE COURT:  Is it on 10?

 7              MR. BURNS:  Yes, sir.  "You may not be required to

 8    infer a person intends" --

 9              MR. LEWIS:  Okay.  I apologize, sir.

10              THE COURT:  The very bottom two sentences.

11              MR. LEWIS:  I got it now, sir.  Sorry about that.

12              THE COURT:  Think about it.  I don't think that has a

13    place in there.

14       Okay.  And I don't know what the next -- Let me go back to

15    the elements.  Maybe some of these things do have relevance to

16    the elements.

17       (Brief pause.)

18              THE COURT:  We start out the element is that the

19    defendant knowingly attempted to persuade, induce, or entice an

20    individual he believed to be under the age of 18 to do

21    something.  And why do you have in there the paragraph about,

22    "Intent ordinarily may be proved directly or through," so on?

23    How is intent an element?

24              MR. LEWIS:  Well, I guess intent kind of goes to the

25    knowing aspect of it in that the government's position is that
```

1   he knew what he was doing, and so that's why that paragraph is

2   in there, to show that knowledge and intent may be inferred

3   through other surrounding circumstances, such as the images that

4   were shown from the defendant to the supposed 13-year-old girl.

5            THE COURT:  Well, you have a definition of

6   "knowingly."

7            MR. LEWIS:  Yes, sir.

8            THE COURT:  Let's see, one of the elements -- the

9   first element is he knowingly did something.  He had knowingly

10  attempted.  Then you have a definition of "knowingly" -- two

11  definitions of "knowingly."  "An act is done knowingly if done

12  voluntarily and intentionally and not because of mistake or

13  accident or other innocent reason.  The term 'knowingly' refers

14  to the act of using the mails" --

15       What in the world is that in there for?  Let's take out

16  "the mails."  You're not claiming he sent something through the

17  mail, are you?

18            MR. LEWIS:  No, sir.  That was the standard language,

19  so that's why I did leave that part in.  I apologize for that.

20            THE COURT:  Well, let's clean this thing up to where

21  it makes sense.

22            MR. LEWIS:  Yes, sir.

23            THE COURT:  And combine those two paragraphs about

24  knowingly.  "The term 'knowingly' refers to the act of using a

25  means or facility of interstate commerce --"

```
1              MR. LEWIS:  Yes, sir.

2              THE COURT:  "-- to an awareness of the general nature

3    and character of the material sent."  None of that makes sense.

4    Material sent by the defendant, the defendant's knowledge.

5         Mr. Lewis, if you expect to do anything with this case,

6    you're going to have to clean this charge up, including that

7    definition.  Now, I don't know what intent has to do with this

8    case, but it may have something to do with it.  But it seems to

9    me like properly defining "knowingly" is enough.

10             MR. LEWIS:  Yes, sir.

11             THE COURT:  So think about whether you need the

12   intent.  And then you've got the two paragraphs on intent.

13   "Intent ordinarily," and "You may consider it reasonable to draw

14   the inference."

15             MR. LEWIS:  Yes, sir.

16             THE COURT:  I don't know that either one of those is

17   something you need in there.  And then there's intent and motive

18   should never be confused.  I don't know what that's in there

19   for, but think about it.  If you have a reason for having it in

20   there, be prepared to explain what that reason is when we talk

21   again.  Otherwise, take it out.

22             MR. LEWIS:  Yes, sir.

23             THE COURT:  And I do want you to meet tomorrow with

24   Mr. Burns, or whoever you're dealing with, and y'all try to get

25   an agreement on what the charge really ought to say.
```

```
 1            MR. LEWIS:  Yes, sir.

 2            THE COURT:  I can see why Mr. Burns, or whoever you're

 3   dealing with, agreed to this one.

 4            MR. LEWIS:  I understand.

 5            THE COURT:  Because it's almost a directed verdict for

 6   the defendant.

 7            MR. BURNS:  I will probably ask for that at the end,

 8   too, Your Honor.

 9            THE COURT:  Well, you were trying to get it through

10   the charge where you wouldn't have to ask for it.

11      Okay.  Now --

12            MR. BURNS:  We'll take what we can get.

13            THE COURT:  Okay.

14            MR. BURNS:  Your Honor?

15            THE COURT:  Yes.

16            MR. BURNS:  Or I guess with Mr. Lewis, if we could --

17   Is there any way possible to have the face-to-face meeting

18   tomorrow morning sometime?  My son is graduating from law school

19   tomorrow, and I would kind of like to attend that.

20            THE COURT:  Congratulations.  Where's he graduating?

21            MR. BURNS:  Just TWU.

22            THE COURT:  What time of day is it?

23            MR. BURNS:  From 1:00 o'clock until whenever they get

24   finished.

25            THE COURT:  Can you meet with him in the morning?
```

```
 1            MR. LEWIS:  Yes, sir.

 2            THE COURT:  How long would it take you to get it

 3   prepared in a form where y'all can discuss it?

 4            MR. LEWIS:  I won't leave tonight until it's done, and

 5   we can discuss it first thing tomorrow morning.

 6            THE COURT:  When I get off the line, y'all stay on the

 7   line and work out the timing of that.

 8            MR. BURNS:  Appreciate it.

 9            MR. LEWIS:  Yes, sir, Your Honor.

10            THE COURT:  Okay.  Now, what statement are you -- on

11   your page 12, the paragraph in the middle of the page, "In

12   determining whether any statement claimed to have been made by a

13   defendant."  What are you talking about there?  Did he say some

14   things after he was arrested?

15            MR. LEWIS:  He did make a statement after he was

16   arrested, sir.

17            THE COURT:  What kind of statements are we talking

18   about that he made?

19            MR. LEWIS:  He made the statement that he did realize,

20   at that point in time after his arrest, that the individual he

21   had been talking to was not a 13-year old.

22            THE COURT:  He did not realize it?

23            MR. LEWIS:  No, he realized it at that point in time,

24   once he was arrested, that he does realize now that he had been

25   talking to an undercover at that point in time.  And then he
```

1   also states that the pictures that he sent were of him.

2           THE COURT:  Okay.  Well, I guess -- Do you really want

3   that instruction, Mr. Burns?

4           MR. BURNS:  It doesn't matter to me either way on that

5   one.

6           THE COURT:  If that's all we're talking about, let's

7   take out both of those paragraphs, the one, "In determining

8   whether any statement claimed," so on, and then the paragraph

9   following that, "You may consider in that regard."

10      Do you have any problem, Mr. Burns, if we take both of

11  those out?

12          MR. BURNS:  No, Your Honor.

13          MR. LEWIS:  And, Judge, I believe also -- I think

14  Mr. Burns and I had the reason, possibly, to leave those in was

15  if the Court does allow any of the other statements to come in

16  from the prior instance --

17          MR. BURNS:  Yes.

18          MR. LEWIS:  -- then it might have a little greater

19  bearing.

20          THE COURT:  Well, these are statements made outside

21  the court and after the alleged crime was committed, is what

22  this refers to.  What you just talked about is something that

23  happened before this crime was committed.

24          MR. LEWIS:  That's correct, sir.

25          THE COURT:  So that really doesn't have anything to do

1    with this.

2              MR. LEWIS:  Okay.  Yes, sir, I'll take those out, sir.

3              THE COURT:  Okay.  Now, the bracketed paragraph here,

4    "which may be similar which were committed."  The bracketed part

5    has to do with that earlier event?

6              MR. LEWIS:  Yes, sir.

7              THE COURT:  Okay.  Well, then it ought to be in there.

8              MR. LEWIS:  Okay, sir.

9              THE COURT:  Now, Mr. Burns, are you the one who

10   dreamed up this First Amendment concept?

11             MR. BURNS:  Yes, Your Honor.  I thought it was very

12   apropos considering the facts of the case, and I must admit I

13   don't have --

14             THE COURT:  You don't have much authority.

15             MR. BURNS:  -- authority on it.  But under the First

16   Amendment, I had no other authority at this time.  This

17   particular type of offense apparently is pretty new because I

18   can't find anything on it.

19             THE COURT:  Well, I'm sure that somebody will

20   eventually talk a judge into putting that in a charge, and maybe

21   there will be some authority after that occurs.

22             MR. BURNS:  Yes, sir.

23             THE COURT:  But I'm going to leave it out.

24             MR. BURNS:  I worked hard on that, Judge.

25             THE COURT:  I know you did.  I could tell that.  But

```
1  we're going to leave all that out.
2      Now, if you want to put it in the one y'all agree on
3  tomorrow -- Do you want to put it in there just so you'll have a
4  record you tried?
5              MR. BURNS:  Yes, Your Honor.
6              THE COURT:  Okay.  Well, you can leave it in there,
7  Mr. Lewis --
8              MR. LEWIS:  I will do so, sir.
9              THE COURT:  -- for Mr. Burns' benefit, but be sure you
10 highlight it so I won't overlook it.
11             MR. LEWIS:  Yes, sir.  I'll keep it bold, sir.
12             MR. BURNS:  And if the Court just, you know, change
13 your mind between now and then, after you've seen the evidence,
14 and might want to put it on.  And, you know, that way you'd have
15 it there, just in case.
16             THE COURT:  I guess that's always a theoretical
17 possibility.
18      Now, on page -- Let's see, immediately following the
19 highlighted language on page 15.
20             MR. LEWIS:  Yes, sir.
21             THE COURT:  Let's leave out "Our system of justice."
22 Use our standard charge on that.  I've never used that wording,
23 but I do have in there generally that they won't let bias,
24 prejudice, or sympathy enter into their decision.  But let's
25 leave out the "Our system of justice" part.
```

```
 1            MR. LEWIS:  Okay, sir.

 2            THE COURT:  And I'm satisfied that had the defendant's

 3  attorneys noticed this, they would have objected to it, and that

 4  is the suggestion in the second sentence of that paragraph that

 5  the jury reach a just verdict.  Normally, we want the jury to

 6  follow the law.  So why don't we work on that.

 7            MR. LEWIS:  Yes, sir.

 8            THE COURT:  Work on that one, too.

 9            MR. LEWIS:  I will take that out, sir.

10            THE COURT:  Mr. Burns, are you the one that suggested

11  that?

12            MR. BURNS:  No, Your Honor.

13            THE COURT:  Okay.

14            MR. BURNS:  It was in there.  I just didn't object to

15  it.

16            THE COURT:  Okay.

17            MR. LEWIS:  And I wasn't trying to pull a fast one,

18  Judge.  I don't want -- I don't want anybody to think I'm trying

19  to pull a fast one.

20            THE COURT:  Well, where did that come from?

21            MR. LEWIS:  Judge, honestly, I borrowed a template

22  from another attorney that had tried a case in front of you.  I

23  can't remember which one now.  It's probably my fault.  I

24  probably mismatched a couple of them together, to be honest with

25  you, on accident.
```

```
 1              THE COURT:  Well, if that was in the one that I did

 2    before, it slipped by me.  But take it out.

 3              MR. LEWIS:  Yes, sir.  I'll take it out, sir.

 4              THE COURT:  Just take out the words "and reach a just

 5    verdict."

 6              MR. LEWIS:  Yes, sir, I understand, sir.

 7              THE COURT:  Okay.  Going on down to two paragraphs

 8    below that, "All persons stand equal before the law and are to

 9    be dealt with as equals in a court of justice."  Leave that

10    sentence out.

11              MR. LEWIS:  That "Keep constantly"?

12              THE COURT:  "All persons stand equal before the law,"

13    that paragraph.

14              MR. LEWIS:  Oh, the whole paragraph, sir.  I'm sorry.

15              THE COURT:  No.  The first sentence in that paragraph.

16              MR. LEWIS:  Oh, yes, sir.  Yes, sir.  Okay.  Yes, sir.

17              THE COURT:  Then start it with, "Keep constantly in

18    mind," which is not the language I normally would use, but we'll

19    go ahead and use it here.

20              MR. LEWIS:  Yes, sir.

21              THE COURT:  Okay.  And then the next paragraph, it

22    says, "If a defendant."  We only have one defendant, so change

23    that to "the defendant."

24              MR. LEWIS:  Yes, sir.

25              THE COURT:  And then several places on pages 16 and 17
```

```
1    you refer to a foreman.  The first time you refer to a foreman

2    -- it's on page 16 -- is in the paragraph that -- near the

3    bottom, "When you go to the jury room, the first thing we do."

4              MR. LEWIS:  Yes, sir.

5              THE COURT:  Change that to "foreperson" and take out

6    "whether male or female."

7         And then two or three places after that, you'll have to

8    change "foreman" to "foreperson."

9              MR. LEWIS:  Yes, sir.  Will do so.

10             THE COURT:  Now, get to me your agreed verdict in the

11   revised form, if you can, early afternoon.  I guess if Mr. Burns

12   is going to agree to it -- Well, y'all can have a verbal

13   agreement, and you can just recite in the cover page --

14             MR. LEWIS:  Yes, sir.

15             THE COURT:  -- that it's agreed, subject to whatever

16   things that are in boldface, to indicate disagreement.

17             MR. LEWIS:  Yes, sir.

18             THE COURT:  Okay.  Is there anything else we need to

19   talk about in preparation for this trial?

20        (No response.)

21             THE COURT:  Okay.  I guess not.  Thank you.

22             MR. LEWIS:  Thank you, Judge.

23             THE COURT:  Y'all stay on the line.  I'm getting

24   off.

25             MR. LEWIS:  Yes, sir.
```

1      (Proceedings concluded, 5:10 p.m.)

2                      -o0o-

3                   CERTIFICATE

4      I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter.  I
5  further certify that the transcript fees format comply with
those prescribed by the Court and the Judicial Conference of the
6  United States.

7

8  s/Eileen M. Brewer                      September 14, 2009
Eileen M. Brewer                        Date
9  Official Court Reporter
Texas CSR No. 3016

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25