```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              FORT WORTH DIVISION


UNITED STATES OF AMERICA      .   CRIMINAL ACTION NO.
                              .   4:08-CR-165-A
VS.                           .
                              .
RANDALL WOLFORD                   December 12, 2008
                              .   4:45 p.m.
. . . . . . . . . . . .


                       TRANSCRIPT OF PROCEEDINGS
                          (Telephone Conference)
                  BEFORE THE HONORABLE JOHN H. McBRYDE
                       UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the United States:        Mr. Alex C. Lewis
                              Assistant United States Attorney
                              801 Cherry Street, Suite 1700
                              Fort Worth, Texas  76102
                              (817) 252-5200

For Defendant Wolford:        Mr. Danny D. Burns
                              Attorney at Law
                              115 North Henderson Street
                              Fort Worth, Texas  76102
                              (817)870-1544

Official Court Reporter:      Eileen M. Brewer
                              424 United States Courthouse
                              501 West Tenth Street
                              Fort Worth, Texas  76102-3637
                              (817) 850-6661




Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.
```

```
 1                    P R O C E E D I N G S,
 2           THE COURT:  We're on the line.  This is a conference
 3  call between the Court and the attorneys in No. 4:08-CR-165-A,
 4  United States of America versus Randall Wolford.
 5      Mr. Lewis, you're on the line for the government?
 6           MR. LEWIS:  Yes, sir.  Mr. Lewis here, sir.
 7           THE COURT:  And, Mr. Burns, you're on the line for the
 8  defendant?
 9           MR. BURNS:  Yes, Your Honor.
10           THE COURT:  Okay.  I received this afternoon the
11  amended agreed charge and made some modifications in it.  And
12  I've e-mailed to each of you the version with my modifications.
13      Mr. Lewis, have you had a chance to look at what I e-mailed
14  to you?
15           MR. LEWIS:  Yes, sir, I have.
16           THE COURT:  And have you, Mr. Burns?
17           MR. BURNS:  I'm just finishing it up right now, Your
18  Honor.
19           THE COURT:  Well, I'll sit here and wait.  Tell me
20  when you're through.
21      (Brief pause.)
22           MR. BURNS:  Yes, Your Honor.  That's it.
23           THE COURT:  Okay.  Do you have any -- What's your
24  reaction to my changes, Mr. Lewis?
25           MR. LEWIS:  Judge, in reading through them, I notice
```

1  that there was a change on page 7, as well as modifications to
2  the elements on page 9, as well as the definition of using --
3  the term "using any facility or means of interstate commerce" on
4  page 10.  The government does not have any objection to the
5  changes.  And please correct me if I'm wrong, Judge, I think
6  that's the majority, if not all of the --
7              THE COURT:  Maybe the best thing to do is go through
8  what I have changed.
9              MR. LEWIS:  Okay.  Yes, sir.  I'm sorry.
10             THE COURT:  Let me see if I can figure that out.
11       I think it will be on your page 7, the middle of the page,
12  "During the trial you have heard the testimony of witnesses," so
13  on.
14             MR. LEWIS:  Yes, sir.
15             THE COURT:  Where it said, "concerning matters of
16  computers," I've just said, "concerning certain matters,"
17  period.
18             MR. LEWIS:  I understand, sir.  No objection, sir.
19             THE COURT:  And then on page 8, the paragraph that
20  says, "The defendant is charged in," about midway down --
21             MR. LEWIS:  Yes, sir.
22             THE COURT:  -- I took out, "Count 1 of the
23  indictment," since it's just a one-count indictment, and said,
24  "charged in the indictment."
25             MR. LEWIS:  Yes, sir.

```
 1              THE COURT:  And then I've added at the end of that
 2    some lead-in language to the elements where I've added, "For you
 3    to find the defendant guilty of this crime, as alleged in the
 4    indictment, you must be convinced," so on.
 5         Do you find that?
 6              MR. LEWIS:  I did, sir.
 7              THE COURT:  Okay.  I've added that.  And I have made
 8    some fairly significant changes in the three elements.  And I
 9    take it you've read those.
10              MR. LEWIS:  Yes, sir.
11              THE COURT:  Now, in the second element, I'm going to
12    make a further change.
13              MR. LEWIS:  Oh, okay, sir.
14              THE COURT:  Let me read it back to you with the way I
15    have it now.
16              MR. BURNS:  Excuse me, Your Honor.  That's on page 8?
17              THE COURT:  Page 9.
18              MR. BURNS:  Eight and 9?  Okay.
19              THE COURT:  Nine is where the second element is.
20              MR. BURNS:  Okay.
21              THE COURT:  Well, I don't know.
22              MR. BURNS:  Mine is 8.
23              THE COURT:  The pagination may have changed, but it's
24    where the second element is.
25              MR. BURNS:  Okay.
```

```
 1               THE COURT:  It's on page 9 on mine.  How did it get on
 2   page 8 on yours?
 3               MR. LEWIS:  It's on page 9, sir.
 4               MR. BURNS:  I just printed out the one I got e-mailed.
 5               THE COURT:  And it's on page 8?
 6               MR. BURNS:  On mine it is.
 7               THE COURT:  Well, something happened funny.
 8               MR. BURNS:  It says, the second element, "That when
 9   engaging in the conduct described in the first element."
10               THE COURT:  Yes.  I don't know why your pagination is
11   different from mine.  Is there something that can happen in an
12   e-mail?
13               MR. BURNS:  Yes, Your Honor.  It's possible that mine
14   put it in a different font than yours did when it pulled it up.
15               THE COURT:  Okay.  Well, it's the second element.
16               MR. BURNS:  Okay.
17               THE COURT:  And I'm going to read it the way I now
18   have it, "That when engaging in the conduct described in the
19   first element the Court just described, the defendant engaged in
20   conduct that constituted a substantial step."  I've covered
21   where I've changed it.  Instead of saying, "The defendant did an
22   act."
23               MR. LEWIS:  Yes, sir.
24               THE COURT:  I say, "The defendant engaged in conduct
25   that constituted," instead of "constituting."
```

1       MR. LEWIS:  Got it.

2       THE COURT:  Okay.  And then I've changed the paragraph
3  that starts after the elements where it refers to the term "any
4  sexual activity," and I've made a further change in that, so let
5  me read that the way I have it.

6     Do both of you see that?

7       MR. BURNS:  Yes, Your Honor.

8       MR. LEWIS:  Yes, sir.

9       THE COURT:  Okay.  The way it is now, "The term 'any
10 sexual activity for any which person can be charged with a
11 criminal offense,' as used in the first element the Court just
12 described, is defined" -- I'm going to change that again.
13 Instead of "is defined," I'm going to say, "refers to Section
14 22.11," so on.  I don't change anything else.

15    Let me read it again.  "The term 'any sexual activity,'"
16 and I'm not going to read all that, "comma, as used in the first
17 element the Court just described, refers to the crime" -- I've
18 got too many "refers to."  "Refers to the crime described in."
19 "Refers to the crime described in."  Then that picks up with
20 Section -- That's what I started out with, isn't it?  I'm going
21 in circles.

22      MR. LEWIS:  Happens to the best of us, Judge.

23      THE COURT:  Okay.  So what I've added in that
24 paragraph is after the words "'criminal offense,' comma, as used
25 in the first element the Court just described, refers to the

1  crime described in," so-and-so.
2           MR. LEWIS:  Yes, sir.
3           THE COURT:  Okay.  Let's see what else I've done.  And
4  y'all can see what I've done in the paragraph that follows that.
5  The word "child," I changed that paragraph to some extent.
6           MR. LEWIS:  Yes, sir.
7           THE COURT:  And then below that the term "using any
8  facility or means of commerce," I changed that paragraph to some
9  extent.
10     I've left out the definition of computer because I couldn't
11  figure out why you had the definition of computer because it's
12  never referred to.
13     Do you know why you have the definition of computer?
14          MR. LEWIS:  You know, Judge, I thought we covered that
15  yesterday, and then I thought we saw the word "computer"
16  somewhere.
17          THE COURT:  Well, you did, and I took it out.
18          MR. LEWIS:  Okay.  That would be a good reason to take
19  out that definition, then, if we don't have that word anymore.
20          THE COURT:  I couldn't find any need for it where it
21  was, so I took it out.
22          MR. LEWIS:  Yes, sir.
23          THE COURT:  And then I've combined -- as you can see,
24  I changed to some extent the paragraph where -- the second
25  paragraph where you define the term "knowingly."  I've made some

Case 4:08-cr-00165-A   Document 73   Filed 09/14/09   Page 8 of 18   PageID 442

8

1  -- I think just grammatical changes that don't change the
2  substance. And I've combined those two paragraphs into a single
3  paragraph, the one that starts with, "An act is done knowingly."
4          MR. LEWIS:  Yes, sir.
5          THE COURT:  And then, "The term 'knowingly' means," so
6  on.  I've combined those.
7      I took out the language about the 401 evidence.
8          MR. BURNS:  404.
9          THE COURT:  And I did that accidently, so that will go
10 back in.
11         MR. LEWIS:  Yes, sir.
12         THE COURT:  It will be in there tentatively to be
13 taken out if it turns out it's not appropriate.
14         MR. LEWIS:  Yes, sir.
15         THE COURT:  But I'm going to put that back in.  And as
16 you can see in the one I've done, I've taken out the First
17 Amendment language, all of it, including the comments about why
18 the plaintiff wants it and why the defendant doesn't think it
19 ought to be there.  I mean, why the defendant wants it and why
20 the government doesn't think it ought to be there.  I've taken
21 all that out.
22         MR. LEWIS:  Yes, sir.
23         THE COURT:  Okay.
24         MR. BURNS:  But it's still considered timely requested
25 by the Court?

1           THE COURT: You've made the request by having it in
2  the joint request that was filed earlier today. Yes, it's a
3  timely request, and I might say a very clever one.
4     Now, is everybody in agreement on everything I have except
5  the First Amendment?
6           MR. LEWIS: Yes, Your Honor, the government is.
7           MR. BURNS: Yes, Your Honor.
8           THE COURT: Okay. That's the way it will be unless
9  one of us thinks of something between now and tomorrow morning
10 -- I mean, Monday morning. But I think we finally have it.
11          MR. BURNS: Yes, sir.
12          THE COURT: By the way, Mr. Burns, my office had
13 something of an *ex parte* communication with Mr. Lewis a while
14 ago, asking him to give us whatever case authority he had that
15 supports his contention that the belief by the defendant that
16 the person was under 18 years of age is sufficient, and he gave
17 us a citation to a case. And I didn't bring it in here with me,
18 but I've read it. It seems to support that.
19          MR. BURNS: Yes, sir.
20          THE COURT: Do you want to know what case he cited to
21 us? I'm sure you already know.
22          MR. BURNS: Well, I'm not sure, but I'll get it from
23 Mr. Lewis if the Court doesn't have it with you.
24          THE COURT: I don't have it handy. You may have it
25 off the top of your head now, Mr. Lewis.

1          MR. LEWIS:  I do have it.  It's *United States versus*
2    *Farner*, F-A-R-N-E-R, 251 F.3rd 510.
3          MR. BURNS:  510.  Okay.  I do appreciate that.
4          MR. LEWIS:  No problem, Mr. Burns.
5          THE COURT:  Okay.  Now, I've looked through these
6    exhibits.  How much of the transcripts are you going to offer in
7    evidence?  All of the transcripts?
8          MR. LEWIS:  I believe so, Judge.
9          THE COURT:  Okay.
10         MR. LEWIS:  I know that there's -- Are you talking
11   about even the e-mail chat conversations found on the
12   defendant's computer?
13         THE COURT:  Yes.  I'm talking about all of that.
14         MR. LEWIS:  I did plan on offering those into evidence
15   but not going through line by line each one of them.  Certainly
16   not.  Just entering them into evidence and briefly talking about
17   the contents of each.
18         THE COURT:  Well, I wondered how you were going to
19   handle that because it would wear everybody down if you tried to
20   read all that.
21         MR. LEWIS:  No, sir, no intention whatsoever.  Simply
22   that they were found on the computer and the general nature of
23   the conversations within each and to not, by any means, start
24   reading through them, sir.
25         THE COURT:  Now, will there be a witness who is going

1  to say what the general nature of it is?
2              MR. LEWIS:  The computer forensic expert that did the
3  search on the computer will be able to testify what the contents
4  are, sir, yes.
5              THE COURT:  Okay.  Now, the photographs you put in the
6  sealed envelope, do you feel a need to actually get those in
7  evidence for the jury to see?
8              MR. LEWIS:  Yes, sir.
9              THE COURT:  As opposed to describing -- have somebody
10 describe in a general way what they are?
11             MR. LEWIS:  Yes, sir, I do.  Several reasons.  Part of
12 the -- Do you wish me to further explain, sir?
13             THE COURT:  Well, yes.  I want to know why you want
14 the jury to see those kinds of photographs.
15             MR. LEWIS:  Well, it's the government's contention
16 that the images of the individual, the defendant, masturbating
17 to who he believes was a 13-year-old girl, was all part of the
18 enticement in order to show the young girl what she could be --
19             THE COURT:  Can't you have somebody just say that's
20 what he's doing?
21             MR. LEWIS:  Well, it's possible, sir, but the
22 government does feel that, you know, words are more powerful --
23 I mean, pictures are more powerful than words.  And it just
24 simply brings to light what this individual is attempting to do.
25             THE COURT:  Okay.  I would prefer that they not go to

1  the jury, but if you insist that they do I think you have the
2  right to do that.  But think about if there's a way to handle it
3  without all that.
4              MR. LEWIS:  Judge, I will think about it, and, also,
5  I'll talk to my supervisors as well on that.  And as far as the
6  child pornography that was found on the defendant's computer is
7  concerned, the government's contention is that the child
8  pornography found shows that he does have a sexual interest in
9  individuals that are minors.
10             THE COURT:  Well, again, that's something that can be
11 described in words.
12             MR. LEWIS:  I agree, sir.  It can be, and I will talk
13 to other individuals in our office and see what we can do to try
14 to address the Court's concerns.
15             THE COURT:  Okay.  And if you feel like you have to
16 put it in front of the jury, I think you probably have the right
17 to do so.
18             MR. LEWIS:  I understand, sir.
19             THE COURT:  Anything else we need to deal with?
20             MR. BURNS:  Well, Your Honor, on the child pornography
21 part, of course, we're alleging that's -- the prejudicial effect
22 of that, you know, is outweighed by any probative value it would
23 have, and we're going to continue our 404 objections, or 404(b)
24 objections, to the pictures, child pornography, that was found
25 on the computer.

```
1                THE COURT:  You mean the photographs?
2                MR. BURNS:  Yes, Your Honor.
3                THE COURT:  Well, that may be borderline.  You have
4    two instances of photographs of -- you have almost an infant
5    being spanked?
6                MR. LEWIS:  Yes, Judge.  I believe there are five
7    images in total of -- images depicting children, either engaged
8    in sexual conduct or being hurt in some way.  I believe one is
9    being spanked.  The others are engaged in some kind of sexual
10   conduct, sir.
11               THE COURT:  Those are infants.
12               MR. LEWIS:  Yes, sir.  When I say "minors," without
13   question, when you look at them, yes.  I agree with you, sir.
14               THE COURT:  Okay.  And the others are probably
15   adolescent girls.
16               MR. LEWIS:  I would agree with that, sir.
17               THE COURT:  I can see where that would come closer to
18   being something that would be admissible to prove the things we
19   say in the charge you can consider extraneous conduct for.
20               MR. LEWIS:  Yes, sir.
21               THE COURT:  And I suppose the infants in some way
22   could come within the scope of that, but I think maybe the
23   inflammatory nature of that would outweigh the probative effect
24   of it.  But I'll think some more about it.
25               MR. LEWIS:  Yes, Your Honor.  And I understand that,
```

1  sir, and I will also think upon the Court's concerns.
2          THE COURT:  Anything else?
3          MR. LEWIS:  Not from the government, sir.
4          MR. BURNS:  Nothing from the defense, Your Honor.
5          THE COURT:  Are those your objections to the -- What
6  did you have objections to?  You had some written objections.
7          MR. BURNS:  Yes, Your Honor.  On the extraneous --
8  well, on the photographs.  Those are the only objections we have
9  on the photographs.  On the audiotapes, Your Honor, or
10 video/audio, we're objecting because, you know, the people who
11 are there are going to be basically presenting testimony or
12 testimonial-type evidence are not going to be subject to
13 cross-examination.  Stone Phillips, or whatever his name is,
14 with the entrapment deal or the sting operation or however you
15 want to refer to the things, in Murphy, Texas.
16      We just feel that, one, it would be overly prejudicial to
17 put that in.  Two, that it's denying us our right to the
18 confrontation of the witnesses.
19         THE COURT:  Well, does he say something that conveys
20 facts as opposed to simply having a conversation?
21         MR. BURNS:  Yes, Your Honor. For example, Stone
22 Phillips says something, well, you know, everybody that comes in
23 here says that they're innocent, or something to that nature.
24 And there are several things.  He has searched other individuals
25 and talking, makes facts, if you will.

1          THE COURT:  I'm inclined to think that video is going
2   to be shown to the jury, so be thinking about what kind of
3   instruction you want me to give to the jury relative to
4   statements he makes.  It would occur to me if you requested, I
5   would give an instruction that the jury won't consider anything
6   he says as evidence of the truth of what he says.  That it's
7   only being admitted so that the jury can have the context of
8   what the defendant says.
9          MR. LEWIS:  That will be the government's contention,
10  sir.  I believe the reporter's name is Chris Hansen, and his
11  statements and questions are only to provide context to the
12  defendant's admissions.
13         THE COURT:  And when you say that's the only reason
14  you're offering them --
15         MR. LEWIS:  Yes, sir.
16         THE COURT:  -- I think maybe if you make that
17  statement as part of your offer, that would clarify it.
18     Don't you think that would take care of it, Mr. Burns?
19         MR. BURNS:  No, Your Honor.  I think that those
20  statements, the jury, once they hear them, they're going to
21  believe them.  It's going -- we're going to get zapped.
22         THE COURT:  You're probably going to get zapped in
23  this case whether that's played or not.
24         MR. BURNS:  There's a real good chance of that, I
25  understand.  But I at least want a fighting chance.  I don't

1  want to have too many of the lines let loose on me.  I would
2  like to keep it down to three or four, if it's possible.
3          THE COURT:  Okay.  Well, I think that's so highly
4  relevant that it would -- that I would be doing the government a
5  disservice and the public a disservice if I didn't let the jury
6  hear it and see it.  But I will give an instruction, and I think
7  the law presumes that juries follow the Court's instructions.
8  And I believe they do, that they won't consider anything Hansen
9  says for the truth of the matter, the truth of whatever he says.
10         MR. BURNS:  I just think that once the skunk is in the
11 jury box, that bad and that long, it's going to be hard to
12 disregard those statements.
13         THE COURT:  Oh, I've got a lot of confidence in our
14 jurors, and the tape is only how long?
15         MR. LEWIS:  Less than 15 minutes, sir.  I believe it's
16 16 minutes, 40 seconds, sir.
17         THE COURT:  I don't think that will cause any
18 particular problem with the jury.  I think they can follow the
19 Court's instruction.  And, frankly, I haven't watched it, but
20 I've read the transcript, and I just don't see that there's
21 anything on there that's a particular problem beyond what the
22 defendant himself says and his involvement in it.
23     Okay.  Anything else?
24         MR. LEWIS:  Not from the government, sir.
25         THE COURT:  That take care of all your objections?

```
 1  We've discussed them all now, Mr. Burns?
 2          MR. BURNS:  Yes, Your Honor.  I just want to make
 3  sure.  You know, the Fifth Circuit has a tendency to grab onto
 4  every little statement I make to find a waiver, and I just want
 5  to make sure I'm not waiving any of my objections.
 6          THE COURT:  You have your --
 7          MR. BURNS:  And I will try to prepare something, you
 8  know, requested instruction.
 9          THE COURT:  Okay.  Of course, you have the right to
10  make your objections at trial, and I would expect you to.  You
11  may decide that they're without merit and choose not to do it.
12     But that's fine, and if you have a requested instruction
13  you want me to give the jury, I'll consider it at the time.
14          MR. LEWIS:  Your Honor, this is Alex Lewis from the
15  government speaking.  Of course, I will approach the bench
16  before I mention anything to make sure that the Court's ruling
17  allows me to get into mentioning any other information.
18          THE COURT:  The other information being that
19  audiotape?
20          MR. LEWIS:  Yes, sir, and anything mentioning, any
21  kind of prior instance in the Murphy, Texas, case, sir.  I
22  assume that's what the Court wanted me to do, to definitely
23  confer with the Court before going into that type of
24  information.
25          THE COURT:  Well, now, tell me what you just said.
```

```
 1  What were you referring to then?
 2          MR. LEWIS:  I was referring to mentioning the
 3  videotape of the defendant.  I just wanted to make sure I was to
 4  approach the Court.
 5          THE COURT:  Oh, okay.  The one we've been talking
 6  about all this time.
 7          MR. LEWIS:  Yes, sir.
 8          THE COURT:  Okay.  That's fine.  I appreciate it.
 9          MR. LEWIS:  I just want to make sure that I'm on the
10  same page with the Court, sir.
11          THE COURT:  Okay.  Very good.  Y'all have a good
12  weekend.
13          MR. LEWIS:  You, too.
14          MR. BURNS:  Thank you.
15      (Proceedings concluded, 5:08 p.m.)
16                          -o0o-
17                        CERTIFICATE
18     I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter.  I
19  further certify that the transcript fees format comply with
    those prescribed by the Court and the Judicial Conference of the
20  United States.
21
22  s/Eileen M. Brewer                          September 14, 2009
    Eileen M. Brewer                            Date
23  Official Court Reporter
    Texas CSR No. 3016
24
25
```