1

```
 1                 IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF TEXAS
 2                         FORT WORTH DIVISION

 3    UNITED STATES OF AMERICA        .  CRIMINAL ACTION NO.
                                      .  4:08-CR-165-A
 4    V.                              .
                                      .  Fort Worth, Texas
 5    RANDALL HOWARD WOLFORD          .  April 24, 2009
      . . . . . . . . . . . . . . . .

 6

 7                     TRANSCRIPT OF PROCEEDINGS
                         (Sentencing Hearing)
 8              BEFORE THE HONORABLE JOHN MCBRYDE
                   UNITED STATES DISTRICT JUDGE

 9


10

      APPEARANCES:

11

      For the Government:         MR. ALEX C. LEWIS
12                                United States Attorney's Office
                                  801 Cherry Street, Suite 1700
13                                Fort Worth, Texas  76102-6897
                                  (817) 252-5200
14
      For the Defendant:          MR. DANNY D. BURNS
15                                Law Offices of Danny D. Burns
                                  115 N. Henderson Street
16                                Fort Worth, Texas  76102
                                  (817) 870-1544
17
                                  MS. RANDY W. BOWERS
18                                Attorney at Law
                                  3505 Airport Freeway
19                                Fort Worth, Texas  76111
                                  (817) 348-8094
20
      Court Reporter:             MS. ANA P. WARREN
21                                U.S. District Court Reporter
                                  501 W. 10th Street, Room 201
22                                Fort Worth, Texas  76102-3637
                                  (817) 850-6681
23


24

      Proceedings recorded by mechanical stenography; transcript
25    produced by computer-aided transcription.
```

U.S. DISTRICT COURT

2

*P R O C E E D I N G S*

1

2     (Commencing, 9:35 a.m.)

3          THE COURT:  I'll next call for sentencing Number

4     4:08-CR-165-A, United States of America versus Randall

5     Wolford.

6       Mr. Lewis is here for the government --

7          MR. LEWIS:  Yes, sir.

8          THE COURT:  -- and Mr. Burns and Ms. Bowers are here

9     for the defendant.

10      State your full name for the record, Mr. Wolford.

11          DEFENDANT WOLFORD:  Randall Howard Wolford.

12          THE COURT:  Okay.  You appeared before me on

13     December 15, 2008, when you pleaded guilty to the offense

14     charged by Count 1 of the indictment in this case.

15          MR. BURNS:  Your Honor, he pleaded not guilty.  We

16     had a jury trial.

17          MR. LEWIS:  That's correct.

18          THE COURT:  I'm sorry.  I misspoke.

19      You pleaded not guilty, and there was a jury trial.  The

20     jury returned a verdict of guilty.

21          MR. LEWIS:  Correct, sir.

22          THE COURT:  Let's see.  Actually, was a verdict

23     returned the same day --

24          MR. LEWIS:  Yes, Your Honor.

25          THE COURT:  -- that the trial started, December 15,

1    2008.  Of course, we're here today for sentencing based on the

2    conviction resulting from that jury verdict, the offense,

3    enticement of a child.

4        Mr. Burns, did you and your client receive in a timely

5    manner the presentence report and the addendum to it?

6            MR. BURNS:  We did, Your Honor.

7            THE COURT:  Okay.  And you've seen the government's

8    response to the objections you made on behalf of your client.

9    You've seen the probation officer's response, and you've seen

10   my order expressing my tentative conclusion that the

11   objections are without merit, except to whatever extent they

12   were accepted by the probation officer.

13       Does your client still want to pursue any of those

14   objections?

15           MR. BURNS:  Yes, Your Honor, 7 through 11 and Number

16   15, Your Honor, if I may go through just some matters on each

17   of those objections?

18           THE COURT:  Okay.  Let me locate the document in the

19   file.

20           MR. BURNS:  I have an extra copy.

21           THE COURT:  I have it here.

22       Seven through 11 and 15 are the ones you continue to

23   assert?

24           MR. BURNS:  Yes, Your Honor.

25           THE COURT:  Okay.  Seven is an objection to Paragraph

4

1   44.  That pertains to some images that were found on the

2   defendant's laptop computer?

3           MR. BURNS:  Yes, Your Honor.  They were admitted --

4   those and Number 7 were admitted into evidence over our

5   objection, and I ask the Court to recall when the government's

6   agent was on the stand testifying about those images that were

7   found, he indicated that we couldn't tie them back to

8   Mr. Wolford ever putting them on there or having even seen

9   them.

10          THE COURT:  But they were on his computer?

11          MR. BURNS:  Yes, sir.  No question they were on his

12  computer.  He had several computers, Your Honor.

13          THE COURT:  Well, what is the precise basis of your

14  objection?

15          MR. BURNS:  Well, Your Honor, first of all, that

16  there is no connection that he ever viewed or actually dealt

17  with those images that were removed from that computer, and

18  absent that evidence, Your Honor, the Court shouldn't take

19  that into -- first of all, we didn't think you should have

20  admitted it at the trial.  We don't want to waive that

21  objection, but in addition, Your Honor, we don't think the

22  Court should consider it in assessing sentence on this

23  conviction for solicitation of a child over the internet.

24          THE COURT:  Wouldn't there be an inference that the

25  Court could and should reach that the images on his computer

1    were ones that he had viewed, had something to do with?

2         MR. BURNS:  I don't believe so, Your Honor, unless

3    there is some -- I mean, some indication that the only person

4    who ever had dealings with that computer was Mr. Wolford.  If

5    other persons could have gotten on there -- and, you know,

6    there is always that possibility that other persons got on

7    there, and other persons downloaded that.  I would submit to

8    the Court that even the Court doesn't know what's on --

9    everything that's on the Court's computer and all the images

10   and stuff sent over the internet when you're trying to do

11   research and the little flash up things come, and for that

12   reason, Your Honor, we don't think the Court should consider

13   them in assessing his punishment in this case.

14        THE COURT:  Remind me what the government's response

15   to that has been?

16        MR. LEWIS:  Not a problem, Judge.

17      As far as the government's response, it's that the

18   forensic examiner, Kyle Gibson, testified that the images of

19   child pornography did come from the defendant's computer.

20   Now, the government does agree that Kyle Gibson was not able

21   to testify that he saw the defendant download the images once

22   he did them.  However, with the other evidence that was found

23   on the computer, the chat logs with the undercover agent, the

24   undercover agent's picture of the 13-year-old girl found on

25   the defendant's computer, as well as the additional image of

6

1    child pornography found on the defendant's computer, it's the

2    government's contention that the child pornography found was

3    on the defendant's computer just as the other evidence had

4    shown through the testimony of the forensic agent, as well as

5    the testimony of the officer who did the undercover operation.

6              THE COURT:  Well, I'll overrule the objection, and I

7    find by a preponderance of the evidence that the defendant was

8    responsible for those images being on the computer and viewed

9    them.

10        Let's see.  Your objection Number 8, is it the same?

11             MR. BURNS:  It's basically the same, except for

12   they're talking about in there something from the National

13   Center for Missing and Exploited Children, that three of the

14   images were from three known victims in that agency's computer

15   base.  It's for more of a confrontation question, Your Honor,

16   and our confrontation, I'll admit, on that one isn't all that

17   strong --

18             THE COURT:  Are you serious about that?

19             MR. BURNS:  Sir?

20             THE COURT:  Are you serious about that Number 8, or

21   is that just thrown in --

22             MR. BURNS:  That's what I'm saying.  I mean, it's not

23   my strongest point, Your Honor --

24             THE COURT:  Well, I'm going to overrule that.  I

25   don't think Crawford versus Washington applies to use of

1    material like that, particularly in a sentencing hearing.

2        Okay.  Number 9.

3            MR. BURNS:  Nine relates to the alleged conduct.  It

4    was suppose to have been sexual misconduct in Louisiana.  A

5    lady has made that -- and I don't think the Court should

6    consider that, Your Honor.  Again, we allege a Crawford

7    violation as well.  But, also, Your Honor, the fact is you're

8    having to find, you know, probability, if this is true and all

9    the other stuff in order to consider it, and I submit to the

10   Court the Court shouldn't do that.

11       When the Court -- and this goes to 9, 10 and 11,

12   basically, our argument is, Your Honor, the government didn't

13   have sufficient evidence to even get a probable cause arrest

14   warrant, or they would have done it.  And, therefore, there is

15   not sufficient evidence, Your Honor, if tested properly for

16   the Court to make the determination that those are good and

17   sufficient grounds to consider as elements of the sentencing

18   factors.  And my explanation in objection Number 7, we

19   acknowledge, Your Honor, that Crawford has not been determined

20   to be applicable to a sentencing by a federal court by the

21   Fifth Circuit.  We believe that -- we want to take it to a

22   higher power, Your Honor, and, specifically --

23           THE COURT:  The point of these objections is to try

24   to get the Supreme Court to hold that Crawford applies to

25   sentencing?

1          MR. BURNS:  Pretty much, yes, Your Honor.

2          THE COURT:  Okay.  Well, 9 and 10 are the same

3    objections, basically, aren't they?  One is going to Paragraph

4    52 and the other is going to Paragraph 53?

5          MR. BURNS:  Well, that and the fact -- the additional

6    argument that, you know, if they didn't have enough to arrest

7    him on it, the Court shouldn't consider it being enough

8    evidence to --

9          THE COURT:  Well, there's a difference between what

10   it takes to prove somebody guilty in a criminal trial and what

11   it takes to persuade a judge in a sentencing hearing that a

12   fact exists, and I find by a preponderance of the evidence

13   that the facts recited in Paragraphs 52 and 53 in the

14   presentence report are accurate and that the defendant did the

15   things that are described in those paragraphs and that those

16   things can and should be taken into account at the

17   sentencing -- at this sentencing hearing.  So I'll overrule

18   the objections to Numbers 9 and 10.

19         MR. BURNS:  Might I clarify --

20         THE COURT:  Pardon me.  That's 8 and 9, Objections 8

21   and 9.  I think that's right -- no, it's 9 and 10.

22         MR. LEWIS:  I believe it's 9 and 10, sir.

23         MR. BURNS:  Nine and 10, Your Honor.

24         THE COURT:  Okay.  You said you also wanted to assert

25   objection Number 11?

1      MR. BURNS:  15 -- I mean, 11, which is regarding the

2  investigation about something and somebody is missing, and

3  they are trying to implicate Mr. Wolford in that

4  disappearance, and there has been no showing of any complicity

5  by Mr. Wolford regarding that.

6      And, again, Your Honor, I make the same argument as

7  before.  They didn't have enough to arrest him.  I mean, not

8  just convict him.  They didn't have the probable cause to

9  arrest him, or they would have, I would submit.  And the

10 information contained within the presentence report I submit

11 to the Court isn't enough to connect him to that offense in

12 any way, form, or fashion, the same argument I made with the

13 other two.

14      THE COURT:  Well, I think it's as unmeritorious as to

15 Paragraph 54 as it was to the other two.  So I'm going to

16 overrule that objection.

17     I find by a preponderance of the evidence the facts

18 recited in Paragraph 54, as well as those recited in

19 Paragraphs 52 and 53 in the presentence report, are accurate,

20 and the defendant was responsible for the conduct described in

21 those reports and responsible for the inclusion in the

22 computer of the images described in Paragraph 54.  I realize

23 there is no direct evidence as to that part, but it,

24 certainly, is a fact that can be inferred and the Court does

25 infer from the existence of those images on his computer, and

10

1    that's supported by the fact that he appeared to be anxious to

2    get rid of those images.

3        Let's see.  Now, that goes to 11.  You say you also want

4    to assert 15?

5            MR. BURNS:  No.  I'm sorry, Your Honor -- yes.  I'm

6    sorry.  Yes, 15 is also -- that's the death part.

7        Again, I don't think that there is any showing that he had

8    any type of complicity in the person that ended up missing.

9    As far as I know from the reports, they never even questioned

10   him about it.

11           THE COURT:  Let me say on that one.  I think the

12   probation officer was correct to putting that in there.  It's

13   just information, but I'm not going to take that into account

14   in sentencing, because it's pure speculation, as I see it, as

15   to whether or not he was involved in that.

16       What's your thought on that?

17           MR. LEWIS:  Judge, in my response, I stated that the

18   Court can take into account the defendant's conduct, given

19   this paragraph, the appropriate way the Court deems

20   appropriate.  So the government has no objection --

21           THE COURT:  Well, I think it's pure speculation that

22   he was involved in it.  Of course, the nature of his conduct

23   generally would certainly -- raises a suspicion that he's

24   capable of doing what that says.

25           MR. LEWIS:  I agree with the Court on that.

11

1          THE COURT:  I'm not going to consider the facts

2     alleged -- or asserted -- or stated -- I'll put it finally

3     right -- in Paragraph 65 of the presentence report to

4     determine what sentence to impose.

5          MR. LEWIS:  Yes, Your Honor.

6          THE COURT:  So in that sense, I'm sustaining

7     objection Number 15.

8        Is that it?

9          MR. BURNS:  Yes, Your Honor.

10          THE COURT:  Okay.  There being no further objections

11     to the presentence report, the Court adopts as the fact

12     findings of the Court the facts set forth in the presentence

13     report as modified or supplemented by the addendum and any

14     facts I found from the bench.  And the Court adopts as the

15     conclusions of the Court the conclusions expressed in the

16     presentence report as modified or supplemented by the

17     addendum and any conclusions I've expressed from the bench.

18        The Court concludes that the total offense level is 30.

19     That the criminal history category is I.  That the

20     imprisonment range is 120 (sic) to 121 (sic) months.  That the

21     supervised release range is five years -- is five years to

22     life.  And that the fine range is $15,000 to $150,000, and

23     that a special assessment of $100 is mandatory.

24        Okay.  Now, as I have indicated in the order I signed on

25     the 21st, I tentatively concluded that an upward departure

1    above the top of his guideline range would be appropriate for

2    the reasons expressed in the presentence report, and my

3    tentative conclusion is that it should be a very significant

4    departure considering this defendant's conduct.  I think he's

5    a serious danger to society.  So I'll hear from you on that.

6         Do you have any evidence you want to offer on that

7    subject?

8              MR. BURNS:  Nothing further, Your Honor, other than

9    the objections.  I can simply argue to the Court --

10             THE COURT:  Okay.  Well, you want to make your

11   statement now?  You can include in it whatever you want to say

12   on that subject.

13             MR. BURNS:  Yes, sir.

14             THE COURT:  Go ahead and make your statement.

15             MR. BURNS:  Thank you.

16        Your Honor, Mr. Wolford, as the record does show, both in

17   the presentence report and in the trial, has been a person who

18   has pulled himself up --

19             THE COURT:  Hold on a minute.

20        (Brief pause in proceedings)

21             THE COURT:  Go ahead.  I'm sorry to interrupt you.

22             MR. BURNS:  He's basically pulled himself up by his

23   own bootstraps in the oil and gas field and has become a

24   person of great note and abilities, Your Honor.  He's one of

25   the few people in the world who can run the supervision of

1    those wells to prevent blow-outs to keep the oil and gas

2    industry going.

3        I submit to the Court that Mr. Wolford is a person at

4    the age -- still 55 -- at the age of 55, even a ten year

5    sentence recommended by the guidelines is a substantial

6    sentence, Your Honor, that any upward variance really would

7    not be justified.  It would be looking at things and punishing

8    him for things he hasn't been convicted of or even, really,

9    charged with, and I submit to the Court that that would be an

10   improper reason to depart upward.

11       If you look at the case and look at the guideline

12   recommendations, the sentencing commission did put forth the

13   reasons for punishing someone, and the guidelines have gone up

14   steadily over the last five to six years in this internet

15   solicitation-type case.  But the Court should consider

16   Wolford's lack of criminal record, his work history, his

17   supporting his family, Your Honor.  And I would ask the Court

18   to consider sentencing, if not within the guideline range, at

19   least something close to that guideline range, based upon his

20   age, his lack of criminal history, and the fact that the

21   guideline sentencing commission felt that this particular type

22   of case, that a 10-year, 11-year type sentence would be an

23   appropriate sentence and would ask the Court to consider those

24   factors.

25             THE COURT:  Okay.  Mr. Wolford, you have the right to

14

1    make any statement or presentation you would like to make on

2    the subject of mitigation, that is, the things you think the

3    Court should take into account in determining what sentence to

4    impose or on the subject of sentencing more generally, and at

5    this time I'll invite you to do that.  Bear in mind in making

6    your statement, if you choose to make one, the Court

7    tentatively concluded that there should be a sentence somewhat

8    above the top of the advisory guideline range in this case.

9    So I would invite you at this time to make that statement if

10   you would like to make one.

11            DEFENDANT WOLFORD:  Your Honor, I have nothing to say

12   truthfully.

13            THE COURT:  Well, I've considered all of the factors

14   the Court should consider under 18, United States Code,

15   Section 3553(a).  I conclude that a sentence of imprisonment

16   of 292 months would be a reasonable sentence when combined

17   with a term of supervision for life and a special assessment

18   of $100.  So that's the sentence I'm going to impose.

19     I considered the recommended or the advisory guideline

20   range as well as the statutory concerns in Section 3553(a) and

21   have determined that an upward departure pursuant to USSG,

22   Sections 5K2.21 and 4A1.3A1, would be appropriate.  There are

23   several aggravating factors listed in the presentence report

24   and some mentioned in Paragraphs 106 and 107 of the

25   presentence report.

15

1        The guideline -- advisory guideline range simply doesn't

2    reflect the actual seriousness of the offense in this case

3    based on the conduct underlying a potential charge not pursued

4    and that didn't all but enter into the determination of the

5    advisory guidelines, the applicable advisory guideline range.

6    And those -- that other offense conduct is appropriate for

7    Court to consider under USSG, 5K1.21.

8        In Paragraphs 38 through 47 of the presentence report,

9    there's information about criminal activity that was not

10   considered in the guideline calculations.  Had that uncharged

11   conduct been included in the computations, it would have

12   produced a total offense level of 40 and a guideline range of

13   imprisonment of 292 to 365 months.  So the sentence I've

14   decided to impose really is -- may be viewed to be a low

15   sentence when you consider the defendant's actual conduct.

16       And I've also taken into consideration the information

17   about the defendant's criminal history set forth in Paragraphs

18   52 and 53 of the presentence report.  And I believe it's

19   Paragraph 56 of the presentence report that discusses the

20   earlier activity of the defendant and the enticement of a

21   child that did not result in a criminal conviction.  And I

22   don't think there is any question that he's admitted that he's

23   guilty of that offense, and it's virtually identical to the

24   conduct involved in this case.

25       So I've considered all of the factors that the Court

1     should consider in determining that the sentence I've

2     indicated I'm going to impose is an appropriate sentence that

3     will address the need for the sentence to promote respect for

4     the law, to afford adequate deterrence to criminal conduct,

5     and to protect the public from further crimes of the

6     defendant.

7          The Court, therefore, is ordering and adjudging that the

8     defendant be committed to the custody of the Bureau of Prisons

9     to serve a term of imprisonment of 292 months.  I do not order

10    him to pay a fine because I don't have any indication that he

11    has the resources to do that or will any time soon.

12         I am ordering that he serve a term of supervised release

13    of life.  Of course, that begins when he gets out of prison.

14         While he's on supervised release, he shall comply with the

15    the standard conditions that will be set forth in the judgment

16    of conviction and sentence and the following additional

17    conditions:

18         He shall not commit another federal, state, or local

19    crime.

20         He shall not possess illegal controlled substances.

21         He shall cooperate in the collection of DNA as directed by

22    the probation officer and as authorized by the Justice for All

23    Act of 2004.

24         He shall participate in sex offender treatment services as

25    directed by the probation officer until successfully

1    discharged, and those services may include

2    psycho-physiological testing to monitor his compliance,

3    treatment progress, and risk to the community.  And he shall

4    contribute as a condition of his supervised release to the

5    cost of those services at the rate of at least $25 a month.

6        He shall have no contact with minors under the age of 18,

7    including correspondence, telephone, internet, electronic

8    communication, or communication through third parties.

9        I'm going to correct that to say he will have no contact

10   with anyone under the age of 18 whether they're considered to

11   be minors or not.

12       He shall not have access to or loiter near school grounds,

13   parks, arcades, playgrounds, amusement parks, or other places,

14   where children may frequently congregate, except as may be

15   allowed upon advance approval by the probation officer.

16       He shall neither possess nor have under his control any

17   pornographic matter or any matter that sexually depicts

18   persons under the age of 18, including, but not limited to,

19   matter obtained through access to any computer and any matter

20   linked to computer access or use.

21       He shall have no contact with any of the victims of his

22   criminal conduct, including by correspondence, telephone, or

23   communication through third parties, except under the

24   circumstances approved in advance by the probation officer and

25   shall not enter onto the premises, travel past, or loiter near

18

1    such victims' residences, place of employment, or other places

2    frequented by the victims.

3        He shall register as a sex offender with state and local

4    law enforcement as directed by the probation officer in each

5    jurisdiction where he resides, is employed, or is a student.

6    He shall provide all information required in accordance with

7    state registration guidelines with initial registration being

8    completed within three business days after release from

9    confinement.

10       He shall provide written verification of registration to

11   the probation officer within three business days following

12   registration and renew registration as required by the

13   probation officer.  He shall, no later than three business

14   days after each change of name, residence, employment, or

15   student status, appear in person in at least one jurisdiction

16   and inform that jurisdiction of all changes in the information

17   required in the sex offender registry.

18       He shall participate and comply with the requirements of

19   the computer internet monitoring program contributing to the

20   cost of the monitoring in an amount not to exceed $40 per

21   month.  He shall consent to the probation officer's conducting

22   ongoing monitoring of his computers.  The monitoring may

23   include the installation of hardware or software systems that

24   allow evaluation of computer use.  He shall not remove, tamper

25   with, reverse engineer, or circumvent the software in any way.

1    He shall only use authorized computer systems that are

2    compatible with the software or hardware used by the computer

3    and internet monitoring program.  He shall permit the

4    probation officer to conduct a preliminary computer search

5    prior to the installation of software.  The monitoring

6    software may be disabled or removed at any time during the

7    term of supervision at the discretion of the probation

8    officer.

9        He shall submit to periodic unannounced examination of his

10   computers, storage media, and other electronic or

11   internet-capable devices performed by the probation officer at

12   a reasonable time and in a reasonable manner based on

13   reasonable suspicion of contraband evidence of a violation of

14   supervision.  This may include the retrieval and copying of

15   any prohibited data or the removal of such systems for the

16   purpose of conducting a more thorough inspection.  He shall

17   provide written authorization for release of information from

18   the defendant's internet service provider.

19       He shall not use any computer other than the one the

20   defendant is authorized by the probation officer to use

21   without prior approval from the probation officer.

22       He shall not use any hardware program or device designed

23   to hide, alter, or delete records and/or logs of the

24   defendant's computer use, internet activities, or files stored

25   in his computer.

20

1    He shall not use any computer or computer-related

2    equipment owned by his employer except for the strict benefit

3    of his employer in the performance of his job-related

4    duties.

5    He shall provide the probation officer with accurate

6    information about his entire computer system, and his e-mail

7    shall only be accessed through a pre-approved application.

8    He shall not install new hardware, perform upgrades, or

9    effect repairs on his computer system without receiving prior

10   permission from the probation officer.

11   He shall not maintain or create a user account on any

12   social networking site, such as MySpace.com, Facebook.com,

13   Adultfriendfinder.com, et cetera, that allows access to

14   persons under the age of 18 or allows for the exchange of

15   sexually explicit material, chat conversations, or instant

16   messaging.  He shall not view or access any web profile of

17   users under the age of 18.

18   He shall not use or possess any gaming consoles,

19   including, but not limited to, Xbox, PlayStation, Nintendo, or

20   devices without prior permission from the probation officer.

21   He shall not use or possess a web cam or other software

22   that allows for the exchange of video or photographs online.

23   He shall not access any service or use any software that

24   allows direct peer-to-peer contact that may include chat

25   rooms, file sharing, or other similar activity, without

1    permission of the probation officer.

2        He shall not use or own any device that includes internet

3    access other than authorized by the U.S. Probation Officer,

4    and that may include, but is not limited to, to PDAs,

5    electronic games, and cellular digital telephones.

6        He shall not engage in or utilize any service that allows

7    peer-to-peer file sharing or file transfer protocol activity.

8        He shall not possess or use removable media configured

9    with bootable operating systems.

10       He shall not access any internet service provider account

11   or other online service using someone else's account, name,

12   designation, or an alias.

13       Those are the conditions of the supervised release.

14       The Court further orders that the defendant pay a special

15   assessment of $100.  That's payable immediately to the United

16   States through the office of the United States Clerk.

17       Mr. Wolford, you have the right to appeal the sentence I

18   have imposed if you're dissatisfied with it.  That appeal

19   would be to the United States Court of Appeals for the Fifth

20   Circuit --

21           MR. BURNS:  Could we interpose -- the Fifth Circuit

22   requires us to interpose an objection --

23           THE COURT:  Will you let me finish -- let me finish

24   what I'm saying?

25           MR. BURNS:  Okay.  I'm sorry.

1            THE COURT:  You have the right to appeal in forma

2    pauperis.  That means without any cost to you if you qualify

3    for it.  You have the right to have the clerk of the Court

4    file a notice of appeal for you, and the clerk will do that

5    forthwith if you specifically request it.

6         Your attorneys have been given a form that outlines

7    certain rights and obligations in reference to an appeal.  If

8    you haven't already done so, I want the three of you to review

9    it and -- your attorneys to review it with you, and once you

10   and your attorneys are both satisfied you understand

11   everything in the form, I want all three of you to sign it and

12   return it to the court coordinator.

13        Has that been done?

14            MR. BURNS:  It has, Your Honor, but I've signed --

15   I'm the only lawyer that signed it.

16            THE COURT:  Well, that's okay.  You're the lead

17   attorney, aren't you?

18            MR. BURNS:  Yes.

19        May I tender this to the Court?

20            THE COURT:  Yes.

21        Okay.  Now, you wanted to say something?

22            MR. BURNS:  Yes.

23        Your Honor, pursuant to Fifth Circuit rulings, we object

24   to the upward departure as being excessive and the sentence

25   being excessive and unreasonable, and I can't remember which

1    term they actually require, but unreasonable and excessive and

2    to maintain our purposes -- our issue on appeal so we don't

3    get hit with plain error.

4            THE COURT:  The defendant is remanded to custody, and

5    the attorneys are excused.

6            MR. BURNS:  Thank you.

7            MS. BOWERS:  Thank you.

8        (End of proceedings, 10:10 a.m.)

9

10                                    -oOo-

11

12

13

14

15

16

17

18

19

20                              CERTIFICATE

21        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter, and
22   that the transcript was prepared by me and under my
     supervision.
23
     s/ Ana P. Warren                         September 16, 2009
24   Ana P. Warren, CSR #2302                      Date
     U.S. District Court Reporter
25                                  -oOo-

U.S. DISTRICT COURT