IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
F I L E D
July 15, 2010
Lyle W. Cayce
Clerk

No. 09-10454

UNITED STATES OF AMERICA,

                           Plaintiff–Appellee

v.

RANDALL HOWARD WOLFORD,

                           Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-165-1

Before JONES, Chief Judge, and KING and HAYNES, Circuit Judges.

PER CURIAM:[*]

    Over the course of several weeks, Randall Howard Wolford chatted online with "Jen," who identified herself as a thirteen-year-old girl, and he ultimately attempted to meet her in person. But "Jen" was actually an undercover police officer. Wolford was arrested, convicted by a jury of one count of attempting to entice a minor to engage in unlawful sexual activity, and sentenced to 292

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months in prison. Before this court, Wolford challenges his conviction and sentence. We affirm as to both.

## I. BACKGROUND

On March 20, 2008, Wolford entered an online chat room named "Romance" and struck up a conversation with a user who identified herself as "Jen." According to her profile, Jen lived near Wolford and was twelve-years-old, though she informed Wolford that she had recently turned thirteen. In fact, Jen was not thirteen or even female. "Jennifer Easley" was the online, undercover identity of Sergeant Tom Milner of the Sansom Park Police Department in the Dallas/Fort Worth area.

During the following weeks, Wolford and Jen chatted a number of times, with each conversation quickly veering toward the sexually explicit, usually at Wolford's instigation. Wolford described the sexual acts that he wanted to perform on Jen, sent her pornographic images, requested that she send him nude photographs of herself, and directed her to a live video stream where he could be seen in sexual conduct. He stated repeatedly that he wished to meet her in person, but also expressed concern that she was an online vigilante or law enforcement officer, rather than whom she claimed to be.

Nonetheless, Wolford made arrangements for a rendezvous at a local McDonald's on April 30, 2008. He arrived, greeted a nineteen-year-old police department employee posing as his prey, and encouraged her to get in his truck. She said she needed to use the bathroom in the restaurant; as she walked away, Wolford fled. He was stopped a few miles from the restaurant and arrested.

Wolford was indicted on one count of attempting to persuade, induce, entice, or coerce a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b). He pled not guilty. At trial, he put forward only one defense: that he believed Jen was an adult pretending to be a child—a type of roleplaying in which he had previously engaged, according to his sole witness.

After a one-day trial, the jury returned a verdict against Wolford. The district court departed upward and sentenced him to 292 months in prison.

## II. DISCUSSION

On appeal, Wolford argues that the district court erred in instructing the jury, allowing the admission of testimonial evidence without cross-examination, allowing the admission of evidence that was unduly prejudicial, calculating his guideline sentencing range, and imposing a substantively unreasonable sentence.[1] We address each in turn.

### A. Jury Instructions

Wolford asserts that the district court erred by refusing to instruct the jury that if Wolford believed he was communicating over the Internet with an adult, his speech was protected by the First Amendment.

This court reviews a trial court's "refusal to include a requested jury instruction for abuse of discretion, according the trial court substantial latitude in formulating the charge" and will reverse only where the requested instruction is correct and otherwise absent from the jury charge and its absence seriously impairs the defendant's ability to effectively present a given defense. *United States v. Loe*, 248 F.3d 449, 459 (5th Cir. 2001).

The First Amendment is not a defense to the charge of attempting to entice a child to engage in illegal sexual activity under 18 U.S.C. § 2422 because "[t]here is no First Amendment right to persuade minors to engage in illegal sex acts." *United States v. Tykarsky*, 446 F.3d 458, 473 (5th Cir. 2006). Therefore, a proper jury instruction on the elements of the offense, particularly that the defendant importuned a person "who he believed to be under the age of 18 years"

---

[1] Wolford also raises two Confrontation Clause challenges to evidence introduced at sentencing but concedes that these are foreclosed by circuit precedent. This is so. *United States v. Fields*, 483 F.3d 313, 332 (5th Cir. 2007) ("In particular, the Confrontation Clause does not operate to bar the introduction of testimonial hearsay at noncapital sentencing."). These issues are, however, preserved for any further proceedings.

(as the jury instruction, in fact, put it), ensures that conviction will not lie where speech is within the bounds of the First Amendment's protections. Wolford was not impaired from presenting his "roleplaying" defense, and had he convinced the jury on that point, his speech would not have been subject to punishment under § 2422. We also reject Wolford's contention that, in the absence of his proposed First Amendment instruction, the sheer offensiveness of his speech might have led the jury to convict even had it found that he believed Jen to be an adult. A jury is presumed to follow the court's instructions, *United States v. Bernard*, 299 F.3d 467, 476 (5th Cir. 2002), and the instructions here were perfectly compatible with Wolford's defense.

The district court's instruction of the jury was entirely proper.

## B. Confrontation Clause

Wolford's run-in with Sergeant Milner was apparently not the first time that he had been deceived by an online acquaintance. In 2006, he showed up at a house that was being used for a "sting" operation conducted by the television show "Dateline," which called the segment "To Catch a Predator." The show's *modus operandi* was essentially the same as that employed by Sergeant Milner. It used online decoys to lure adults seeking to have sex with children. When Wolford arrived at the house, he was confronted by a reporter, Chris Hansen, and questioned about his intentions. Wolford argues that because Hansen was not a live trial witness, the admission of portions of the interview transcript violated his rights under the Confrontation Clause of the Sixth Amendment. Alleged violations of the Confrontation Clause are "reviewed de novo, but are subject to a harmless error analysis." *United States v. Bell*, 367 F.3d 452, 465 (5th Cir.2004).

The Confrontation Clause generally prohibits the admission of an out-of-court "testimonial" statement made by a witness who does not appear at trial. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354 (2004). It is implicated

only when "the out-of-court statement is used to prove the truth of the matter asserted." *Jones v. Cain*, 600 F.3d 527, 536 (5th Cir. 2010).

Wolford's Confrontation Clause argument fails because Hansen's statements do not speak to the truth of any matter. At the request of Wolford's counsel, the district court redacted statements by Hansen concerning the behavior of typical child predators, the substance of Texas law, the legality of Wolford's conduct, and Hansen's opinion of Wolford's conduct. What remained were questions that give context to Wolford's statements and statements of fact explicitly adopted by Wolford, such as the contents of messages that he had sent to the online decoy. Because none of Hansen's statements was a "declaration or affirmation made for the purpose of establishing or proving some fact," *Crawford*, 541 U.S. at 51, admission of the transcript did not violate the Confrontation Clause.

### C. Evidentiary Challenges

Wolford next argues that the district court erred in admitting into evidence (a) transcripts of online conversations with anonymous third parties that were found on his computer; (b) pornographic images of children that were also found on his computer; (c) a list of pornographic websites that had been bookmarked on his computer; and (d) still images captured from pornographic videos that he sent to Jen.

The chat transcripts and photos of child pornography, Wolford argues, are evidence of prior acts that is relevant only to his character and are inadmissible under Rule 404(b). Rule 404(b) requires the exclusion of evidence of crimes and acts other than the conduct charged if it is employed "to prove the character of a person in order to show action in conformity therewith." It allows the admission of such evidence to show "proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident." There is no error if "the extrinsic evidence is relevant to an issue other than the

defendant's character" and it "possess[es] probative value that is not substantially outweighed by its undue prejudice and [meets] the other requirements of rule 403." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

The transcripts speak to motive and intent. They contain statements from Wolford expressing an interest in having sex with minor children and his assertion that he had previously raped a minor. These statements cast doubt on Wolford's assertion that, when chatting with Jen, he believed he was roleplaying with another adult. Further, this "roleplaying" defense invested the chat transcripts with great probative value. By comparison, the risk of unfair prejudice was minimal, given the already-graphic nature of the case and the district court's limiting instruction to the jury.

The district court also determined that the pornographic images were extremely probative to Wolford's motive and intent. They served to rebut Wolford's claim that he did not actually believe that the people he spoke with were underage and to show that Wolford had the motive and intent to entice a minor to engage in illegal sex acts.

Though both the transcripts and images were undoubtedly prejudicial to Wolford's defense, under this court's precedent, we cannot say that their admission into evidence was an error or an abuse of discretion under Rule 403 or 404(b). *See United States v. Layne*, 43 F.3d 127, 134 (5th Cir. 1995) (child pornography "more probative than prejudicial" when employed to demonstrate scienter).

Finally, Wolford argues that the district court erred in admitting into evidence his bookmark list and still images captured from a video, to which Wolford directed Jen, of a young girl and of Wolford himself in sexual conduct. He also directed Jen to some of his "favorite" bookmarked sites. Under Rules 403 and 404(b), he asserts, this evidence was unfairly prejudicial. The evidence,

however, was central to the crime being charged—enticement of a minor to engage in unlawful sexual activity—and was therefore central to the government's overall approach to the case. *See United States v. Caldwell*, 586 F.3d 338, 343 (5th Cir. 2009). Despite the prejudice, this evidence speaks with great probity to Wolford's identity, motive and intent and, even more so, to his enticement, the *actus reus* of the offense. The district court did not err.

### D. The District Court's Upward Departure at Sentencing

Wolford asserts that the district court erred by finding that an upward departure was justified under U.S.S.G. §§ 5K2.21 and 4A1.3(a)(1). In general, this court reviews a district court's decision to apply an upward departure for abuse of discretion. *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

For the first time on appeal, Wolford asserts that the district court erred by concluding that an upward departure for his uncharged possession of child pornography was authorized under U.S.S.G. § 5K2.21 because he did not enter into a plea agreement. This court reviews his claim for plain error. *United States v. Reyna*, 358 F.3d 344, 30 (5th Cir. 2004).

Section 5K2.21 provides:

> The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

The plain language of § 5K2.21 rebuts Wolford's contention: it is enough that the departure be premised on conduct "underlying a potential charge not pursued in the case . . . for any other reason." The provision does not require a plea agreement.[2]

---

[2] This finding also resolves Wolford's contention that the district court committed procedural error by failing to appropriately calculate the extent of the upward departure under § 4A1.3(a)(4), an argument premised on impropriety of the district court's departure under

7

Wolford next argues that the district court erred by applying an upward departure, under U.S.S.G. § 4A1.3, for under-represented criminal history because there was insufficient evidence to support the court's factual findings.

The sentencing court "is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2007). Here, the district court found by a preponderance of the evidence that Wolford had committed two rapes of adult women and that he had admitted to the prior offense of attempted enticement of a minor during the Dateline NBC encounter. These findings were well supported by a variety of reliable information, including police reports, victim statements, emails sent by the defendant, and the aforementioned Dateline transcript.

The upward departure was no abuse of discretion.

### E. Substantive Unreasonableness

Finally, Wolford challenges his 292-month sentence as excessive and substantively unreasonable.

"An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks and citation omitted).

At sentencing, the district court commented on Wolford's prior criminal activity, including the rapes and the admitted offense of attempted enticement of a minor, and noted that those offenses did not result in criminal convictions. The court's written Statement of Reasons similarly states that it departed from the Guideline range pursuant to § 4A1.3(a)(1) because the defendant's criminal

---

§ 5K2.21.

history category substantially under-represents the seriousness of his criminal history and the likelihood that Wolford will commit other sex-related crimes in the future. The district court concluded at sentencing that an upward departure would advance the objectives contained in § 3553(a)(2) and was justified on the facts of the case.

Given the district court's extensive analysis and the clear factual basis for the departure, the district court did not abuse its discretion in departing from the Guidelines. *See Zuniga-Peralta*, 442 F.3d at 348.

### III. CONCLUSION

For the reasons discussed above, the conviction and sentence of Randall Howard Wolford are **AFFIRMED**.

06 AUG 2010