MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District NORTHERN DISTRICT OF TEXAS | |
|---|---|---|
| Name (under which you were convicted): RANDALL HOWARD WOLFORD | | Docket or Case No.: 4:08-CR-165-A |
| Place of Confinement: FCC OAKDALE, OAKDALE, LOUISIANA | Prisoner No.: 38105-177 | |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) V. RANDALL HOWARD WOLFORD | |

MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   U.S. DISTRICT COURT FOR NORTHERN DISTRICT OF TEXAS [FT. WORTH]

   (b) Criminal docket or case number (if you know):  4:08-CR-165-A

2. (a) Date of the judgment of conviction (if you know): April 29, 2009

   (b) Date of sentencing: April 24, 2009

3. Length of sentence:  292 Months/ Lifetime Supervision

4. Nature of crime (all counts):  1 count 2422(b); enticing a minor

_(stamp:)_ U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS FILED MAY 18 2011 CLERK, U.S. DISTRICT COURT By _____ Deputy

5. (a) What was your plea? (Check one)

   (1) Not guilty  ☒          (2) Guilty  ☐          (3) Nolo contendere (no contest)  ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☒        Judge only ☐

AO 243 (Rev. 10/07)
Case 4:08-cr-00165-A   Document 95   Filed 05/18/11   Page 2 of 26   PageID 732

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒XX

8. Did you appeal from the judgment of conviction?     Yes ☒XX     No ☐

9. If you did appeal, answer the following:

   (a) Name of court:  COURT OF APPEALS FOR THE FIFTH CIRCUIT

   (b) Docket or case number (if you know):  09-10454

   (c) Result:  AFFIRMED SENTENCE AND CONVICTION

   (d) Date of result (if you know):  JULY 19, 2010

   (e) Citation to the case (if you know):  UNPUBLISHED

   (f) Grounds raised:  1) First Amendment violation, improper Jury instruction;
   2) Confrontation Clause; 3) Rule 404(b) and Rule 403 violation;
   4) Erroneous application for upward departure

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes XXXXX     No ☐

       If "Yes," answer the following:

       (1) Docket or case number (if you know):  10-6923

       (2) Result:  Certiorari Denied

       (3) Date of result (if you know):  NOVEMBER 15, 2010

       (4) Citation to the case (if you know):  UNPUBLISHED

       (5) Grounds raised:  JURY INSTRUCTION AND SPLIT BETWEEN FIFTH CIRCUIT
       AND SEVENTH  CIRCUIT. UNITED STATES V. MARK CIESIOLKA 09-2787
       (7th Cir)

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

    Yes ☐     No ☒XXX

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:  _____

        (2) Docket or case number (if you know):  _____

        (3) Date of filing (if you know):  _____

AO 243 (Rev. 10/07)

(4)   Nature of the proceeding: _____

(5)   Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No XXX

(7)   Result: _____

(8)   Date of result (if you know): _____

(b)   If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No XXX

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)   Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:        Yes ☐        No XXX

(2)   Second petition:        Yes ☐        No XXX

(d)   If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: WHETHER PETITIONER WAS PREJUDICED BY INEFFECTIVE TRIAL COUNSEL
THAT FAILED TO ADVISE HIM OF HIS ACTUAL SENTENCING EXPOSURE.....

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Memorandum of law attached

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒XX

(2) If you did not raise this issue in your direct appeal, explain why: Cant raise ineffective
claims on direct appeal

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☒XX

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)    Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)    If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)    If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)    If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: _____

_____

_____

_____

_____

GROUND TWO: WHETHER THE DISTRICT COURT ERRED BY ILLEGAL APPLICATION
        OF U.S.S.G. 5K2.21 nad § 4A1.2(a)(1)

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

        See attached memorandum of law

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Two:

(1)    If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒☒x          No ☐

(2)  If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c)  Post-Conviction Proceedings:

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

_____

GROUND THREE: _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Direct Appeal of Ground Three:

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

_____
_____

(c) Post-Conviction Proceedings:

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

GROUND FOUR: _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Direct Appeal of Ground Four:

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

_____

_____

(c)  Post-Conviction Proceedings:

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

     Yes ☐      No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

     Yes ☐      No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

     Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____

_____

_____

_____

_____

13.   Is there any ground in this motion that you have not previously presented in some federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

   Ineffective assistance claim _____

_____

_____

_____

_____

_____

_____

AO 243 (Rev. 10/07)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒XXX

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing: Danny D. Burns, 115 Henderson Street, Ft. Worth, Tx 76102;  Ms. Randy W. Bowers, 3505 Airport Freeway, Ft. Worth, Tx. 76102

(b) At the arraignment and plea:  Same as above

(c) At the trial: Same as above

(d) At sentencing:

     Same as above

(e) On appeal:  Jason D. Hawkins  Asst. Federal Public Defender, 525 S. Griffin, Suite 629, Dallas, Tx 75202

(f) In any post-conviction proceeding:   Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

     Pro se

_____

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒XXX

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒XXX

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed:  N/a

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Motion is filed as timely

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>vacate the conviction and</u>
<u>sentence and grant this § 2255 motion for relief.</u>

or any other relief to which movant may be entitled.


*Randall Howard Wolford*

Signature of Attorney (if any)   Pro Se


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on <u>May 16, 2011</u>

(month, date, year)


Executed (signed) on <u>May 16, 2011</u> (date)


*Randall Howard Wolford*

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

N/A

<u>CERTIFICATE OF SERVICE</u>

I, Randall Wolford, Petitioner , Pro se, hereby attest that I have served upon the following the instant § 2255 motion by placing such in the prison mailbox with adequate postage af-fixed on May 16, 2011.


United States Attorney
801 Cherry Street, Suite 1700
Ft. Worth, Texas 76102


*Randall Wolford*

Randall Wolford Pro se
Register # 38105-177
Federal Correctional Complex
Post Office Box 5000
Oakdale, Louisiana 71463

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RANDALL WOLFORD,                    )
                                    )
        Petitioner/Movant           )
                                    )
                                    )
                                    )
v.                                  )  No. 4:08-CR-165-A
                                    )
                                    )
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )
                                    )
_____    )

MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
28 U.S.C. § 2255

JURISDICTION

28 U.S.C. § 2255 requires a prisoner's sentencing court to release him or her if the prisoner's sentence was imposed in violation of the Constitution or Laws of the United States, if the Court was without jurisdiction to impose the sentence, if the sentence exceeded the maximum authorized by law, or if the sentence is otherwise subject to collateral attack.  The statute provides that if the Court finds for the prisoner, it may re-sentence him or her, or set the conviction aside, as appropiate. The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropiate remedy. Andrews v. U.S., 373 U.S. 334, 335 (1963); U.S. v. Garcia, 956 F.2d 41 (4th Cir. 1992).

## EXCUSABLE ERROR ANALYSIS

The Petitioner respectfully requests that this Honrable Court hold his Motion to a less stringent standard than one drafted by an attorney, as he is not trained skilled, or knowledgeable of the complexities of the laws herein. Haines v. Kerner, 404 U.S. 519 (1972).

## STATEMENT OF THE CASE

The Petitioner/ Movant, Randall Howard Wolford, Pro se, was charged with a one-count indictment with enticement of a child in violation of 18 U.S.C. § 2422(b). Wolford tried his case by jury and the jury returned a guilty verdict.

The District Court determined that the Petitioner has an offense level of 30 and a criminal history category of I, resulting in an advisory guideline range of 97- 121 months (subject to a 10- year statutory minimum). However, the sentencing court imposed a **substantial** upward departure sentence of 292 months of imprisonment, followed by a lifetime term of supervised release.

Wolford appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit, specifically challenging the denial of his requested jury instruction and also the admission of several **non-related** exhibits at trial. Wolford also objected to the erroneous finding of the District Court to impose a substantial upward departed sentence. The Court of Appeals affirmed the conviction and the sentence on July 15, 2010.

Wolford filed for Writ of Certiorari, specifically in light of the decision of the Seventh Circuit Court of Appeals addressing the exact same issues. United States v. Mark Ciesiolka, 2010 U.S. App. Lexis 15242 No. 09-2787, argued April 21, 2010 and decided on July 26, 2010, some 11 days after the Fifth Circuit de-

nied his direct appeal. In <u>Ciesiolka</u>, the appellate court reversed the judgement and sentence of the district court and remanded for new trial. Wolford was denied certiorari on November 15, 2010.

Now comes Wolford, Pro se, in this habeas petition pursuant to 28 U.S.C. § 2255, and requests that this Honrable Court vacate his sentence and remand for new trial.

<u>GROUND ONE</u>

**WHETHER PETITIONER WAS PREJUDICED BY INEFFECTIVE TRIAL COUNSEL THAT FAILED TO ADVISE HIM OF HIS ACTUAL SENTENCING EXPOSURE, IF HE WENT TO TRIAL AND WAS CONVICTED RATHER THAN PLEA?**

In the instant matter, Petitioner asserts that had his trial counsel adequately informed him of the possibility of tha actual sentence he faced by going to trial, he would have pled guilty. The Petitioner's counsel originally told him that he faced probation. Then the maximum potential penalty was "120 months max." Counsel for the defendant failed to advise him of enhancements for uncharged conduct, that ultimately resulted in a 292 month term of imprisonment and a lifetime of supervised relief. Wolford's attorney should have made him aware of the possible exposure and was therefore ineffective for no knowing the proper application of the sentencing guideline. Counsel never informed Petitioner of all the evidence that would and could be presented at trial. This prejudiced the defendant of his Sixth Amendement right to effective assistance of counsel.

Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by <u>Strickland</u>. Obviously, a defendant cannot intelli-

3

gently choose whether to accept a plea if he lacks a full understanding of the risks of going to trial. Further, underestimating a defendant's sentencing exposure is a breach of counsel's duty to fully advise his client on whether a particular plea to a charge appears desirable.

To establish deficient performance by counsel, a habeas petitioner must show it fell below an objective standard of reasonableness. This objective standard carries a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance considered as sound trial strategy. In reviewing counsel's performance, the court should make every effort to eliminate the distortion of hindsight. In the instant matter, Wolford asserts that had he known he faced 292 months rather than the "120 months max" his counsel told him he faced, he would have pled guilty and not gone to trial. This failure to advise prejudiced the defendant. Rogers v. Quarterman, 555 F.3d 483, 489 (5th Cir. 2009) Among other things, the objective standard of reasonableness "requir[es] that counsel research relevant facts and law, or make an informed decison that certain avenues will not be fruitful". United States v. Herrera, 412 F.3d 577, 580 (5th Cir. 2005). Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Arnold v. Thaler, 630 F.3d 367, 369-70 (5th Cir. 5 Jan. 2011). In that regard, "any amount of actual [imprisonment] has Sixth Amendment significance, which constitutes prejudice for purposes of the Strickland test." United States v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004).

Wolford was never advised of the possibility of a plea bargain, nor did he know that he faced almost 25 years of imprisonment if he went to trial and lost. Clearly, he was prejudiced.

Failing to predict a sentence correctly is not the same as failing to understand the mechanics of the sentencing guidelines. Familiarity with the structure and basic content of the U.S. Sentencing Guidelines has become a necessity for counsel who seek to give effective representation. Caselaw distiguishes ordinary errors in applying the guidelines from complete unfamiliarity with their basic structure and mechanics and conclude that the latter may amount to ineffective assistance of counsel.  Knowledge about the structure and mechanics of the sentencing guidelines and the sentencing process will often be crucial to advising a defendant about how to conduct himself through the sentencing process.

Accordingly, Wolford should prevail on the first prong of the Strickland test because he has established that counsel failed to understand the basic structure and mechanics of the sentencing guidelines and was therefore incapable of helping the defendant to make reasonably informed decisions throuhgout the criminal process. The guarantee of effective assistance requires the guiding hand of counsel at every step in the proceedings against him. [A] defendant has the right to make a reasonably informed decision whether to accept a plea offer. Hill v. Lockhart, 474 U.S. 52, 56-57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(Voluntariness of a guilty plea depends on adequacy of cousnel advice); Von Moltke v. Gillies, 332 U.S. 708, 721, 68 S.Ct. 316, 92 L. ed. 309 (1948) ("Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.") Knowledge of the comparative sentence exposure between standing trial [619 F.3d 1260] and accepting a plea offer will often be crucial to the decision

whether to plead guilty. See Williams v. State, 326 Md. 367, 605 A.2d 103 (1992)(counsel's conduct was constitutionally deficient in failing to advise petitioner of mandatory 25-year sentence upon conviction at trial when offer to plead guilty to lesser offense involved exposure only to ten-year sentence); Commonwealth v. Napper, 254 Pa. Super. 54, 385 A.2d 521 (1978) (counsel ineffective in giving no advice about desirability to plea offer with three-year maximum sentence when trial risked ten to forty years and the defendant chances of acquittal were slim).  The Supreme Court pronounced in Kimmelman v. Morrison, 477 U.S. 365, 380 n.5, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) "requires the guiding hand of counsel at every step in the proceedings against him."

Trial counsel should have known that the intorduction of email, video recordings, and a segment of Dateline that featured the Petitioner would be inflammatory to the court and his sentence. Had Petitioner pled guilty, this Honorable Court would have never had any exposure to the evidence that prejudiced the defendant.

Whenever the District Court relies on §4A1.2 to depart from established guidleines, it should articulate its reaons for doing so explicitly; although sentencing judges are not required to incant specific language used in guidelines, it is desirable that the court identify clearly aggravating factors and its reasons for connecting them to permissable grounds for departure under § 4A1.3. United States v. DeLuna-Trujillo,(1989, CA5 Tex)868 F.2d 122. When prior similar adult conduct which has resulted in conviction may have already been counted under 18 USCU Appx § 4A1.2 (e)(1)or(2) when computing criminal-histiry category, similarity between two offenses provides District Court with additional reasons to enhance sentence under 18 USCS Appx § 4A1.3.

The trial counsel in this case never once told the Petitioner of the potential possibility of a 25 year sentence. Counsel never once told the defendant on the possibility of his **uncharged** con-conduct being used to enhance his sentence. The Guidelines determine sentencing ranges by computing an offense level and a criminal history category. In this case the offense level is 30 and the criminal history category is I, as defendant has never been charged with any crime in his lifetime until the instant. The 292 months sentence was never mentioned as a possibility, thus clearly establishing that counsel was unlearned as to the true application of the Guidelines for uncharged conduct.

GROUND TWO

**WHETHER DISTRICT COURT ERRED BY ERRONEOUS APPLICATION OF U.S.S.G. 5K2.21 AND § 4A1.2(a)(1) AT SENTENCING?**

It is also respectfully submitted that this District Court erred in the  application of U.S.S.G. 5K2.21 and 4A1.2(a)(1). Defendants receive criminal history points for certain prior senteces. U.S. v. Cruz-Gramajo, 570 F.3d 1162, 1167 (9th Cir. 2009) "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt. . . for conduct not part of the instant offense." Under this definition, conduct that was not part of the instant offense cannot receive criminal history points. Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. U.S. v. Hammons, 558 F.3d 1100, 1103 (9th Cir. 2009). The Petitioner in this case was prejudiced by this erroneous application of § 4A1.21 and received a sentence 2½ times the advised guideline range.

7

Section 5K2.21 states:

The court may depart uprward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of the plea agreement in the case, or underlying a potential charge not pusued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range. § 5K2.21 This section was added to the Sentencing Guidelines in 2000 to address a circuit conflict "regarding whether a court could base an upward departure on conduct that was dismissed or not charged as part of a plea agreement in the case." U.S.S.G. § 5K2.21, Historical Notes. In adopting § 5K2.21, the Sentencing Commission endorsed the position held by the majority of circuits: a departure base on conduct uncharged or dismissed pursuant to a plea agreement was proper and did not undermine the expectations of the parties to the plea agreement. See Id. However, United States v. Newsom, 508 F.3d 731, 735 (5th Cir.2007) asserts that the phrase "to reflect the actual seriousness of the offense" limits application of § 5K2.21 to uncharged conduct that has a factual relationship to the offense of the conviction.

The Petitioner was enhanced for uncharged conduct that had no connection whatsoever with the instant offense. The allegation of an alleged rape victim is not even remotely connected to the charge the defendant is convicted of: enticing a minor.

The Sentencing Commission has never explicitly commented on whether a factual relationship is required between the uncharged or dismissed charges and the offense of the conviction. Nevertheless, § 5K2.21's historical notes favorably reference a number of cases where circuit courts held that an upward depar-

ture was only permissible if there was a relationship between the unchrged and charged offenses. See United States v. Kim, 896 F.2d 678, 682-84 (2d Cir. 1990); United States v. Baird, 109 F. 3d 856, 865 (3rd Cir. 1997); United States v. Cross, 121 F.3d 234, 239 (6th Cir. 1997). Similarly, since the adoption of 5K2.21, the majority of other circuits appear to require the existence of some connection between uncharged conduct and the offense of conviction. See United States v. Ellis, 419 F.3d 1189, 1193 (11th Cir. 2005)(finding that defendat could not be subject to upward departure for witness tampering and suspected civil rights vio- lations where guilty pleas was for making false statement to FBI); United States v. Rogers, 423 F.3d 823, 828 (8th Cir.2005)(holding that creating obscene images and sexually torturing victims suf- ficiently related to conviction for possession and distibution of obscenity); See also United States v. Smith, 347 U.S. App. D.C. 392, 267 F.3d 1154, 1164 (D.C. Cir. 2001)("[T]he conduct forming basis for the departure must be desrciptively or logic- ally, and not merely temporally, connected to the crime for which the defendant was actually convicted.")

Other circuits require a close connection to sustain an up- ward departure. For example, the First Circuit has written: "Up- ward departures are allowed for acts of misconduct not resulting in conviction, as long as those acts. . . relate meaningfully to the offense of the conviction." United States v. Amirault, 224 F.ed 9, 12 (1st Cir. 2000). There simply is no connection of the conviction and the allegations made in the PSR. Thus this court erred in the application of an upward departure.

CONCLUSION

The sentence of confinement of 292 months imposed upon the Petitioner in this case is illegal. Petitioner did not receive the benefit of effective assistance of counsel guaranteed by the Sixth Amendment and was not adequately advised not to go to trial. Counsels' ( Danny D. Burns, Randy W. Bowers) errors whether viewed in isolation or culmatively render deficient performance. A sentence imposed absent the effective assistance of counsel must be vacated and reimposed to permit facts in mitigatation of punishment to be fully and freely developed. There are authorities that support Granting Wolford the appropraite relief as a matter of law, or in the alternative order an evidentiary hearing. In Townsend v. Sain, 372 U.S. (1963), the Supreme Court held "that where an applicant for writ of habeas alleges facts which, if proved would entitle him to relief, the federal court. . . has the power to receive evidence and try the facts anew"; U.S. v. Herrera, 412 F.3d 577, 581-82(5th Cir.2005)(assuming evidentiary hearing supports defendant's claim, counsel's failure to understand sentencing Guidelines was prejudicial because counsel underestimated sentencing exposure by 27 months.)"

In the instant matter, not only was the Petitioner never advised or offered any plea, but was grossly advised by his attorneys that he face "120 months max". This advice was not even remotely close to the the 292 months the Petitioner received.

Wherefore, the Petitioner Randall Wolford, Pro se, hereby prays that this Honrable Court GRANT his § 2255 motion.

Done this the 16th day of May, 2011

*Randall Wolford*

Randall Wolford  Pro se

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISON

RANDALL WOLFORD,                          )
                                          )
     Petitioner/Movant,                  )
                                          )
                                          )
                                          )
v.                                        )      No. 4:08-CR-165-A
                                          )
                                          )
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
     Respondent.                         )
                                          )

---

### AFFIDAVIT OF RANDALL WOLFORD

---

    I, Randall Wolford, under the penalty of perjury depose and state the following:

    1.  That I am the Petitioner/Movant in the above-entitled criminal case and am acting Pro se.

    2.  That I was represented in the above criminal proceeding by **retained** attorneys Danny Burns and Randy Bowers.

    3.  I met with my attorneys only a couple of times before my plea hearing and there was never any discussion of me pleading guilty.

    4.  Early on in the procedure, Attorney Bowers stated that I would receive proabtion, when the charge was still a state matter, and that she handled these types of cases regularly.

    5.  Mr. Danny Burns never told me of the sentencing exposure I faced by going to trial but stated that with no crim-

inal history, I faced "120 months max."

6.    Mr Burns nor Ms Bowers never discussed with me the possibility of any uncharged conduct being calculated in the applicable guideline range.

7.    Mr. Burns, Ms. Bowers, and I went briefly over the PSR to which I objected to several items listed in it. I never saw neither again until the morning of sentencing. I could not reach them by phone either.

8.    I certify that the above statement is true and correct to the best of my knowledge and recollection, under the penalty of perjury.


Affiant sayeth naught.


Done this the 16th day of May, 2011.

*Randall Wolford*
Randall Wolford

RANDALL HOWARD WOLFORD 38105-177
FEDERAL CORRECTIONAL COMPLEX
POST OFFICE BOX 5000
OAKDALE, LOUISIANA 71463

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
501 WEST TENTH STREET, ROOM 310
FORT WORTH, TEXAS 76102

CLERK OF COURT
2011 MAY 18 AM 11:13
FORT WORTH DIVISION
NORTHERN DIST. OF TX
U.S. DISTRICT COURT
RECEIVED

LEGAL MAIL

USA FIRST-CLASS FOREVER