ORIGINAL



RECEIVED
AUG 19 2013
12:30 pm
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

13-10865
4:08-CR-165-A
4:11-CV-336-A

RANDALL HOWARD WOLFORD #38105-177
FCI - Oakdale
Post Office Box 5000
Oakdale, LA 71463-5000

August 13, 2013

Clerk of Court
United States Court of Appeals
For the Fifth Circuit
600 South Maestri Place
New Orleans, LA 70130

RE: Randall Howard Wolford v. United States of America,
Successive § 2255 Motion

Dear Clerk:

Enclosed herewith please find my Successive § 2255 Motion, Affidavit and Memorandum of Law. I have served the same upon the United States Attorney. Please file these in your usual manner.

Thanking you in advance.

Respectfully,

Randall H. Wolford

Enclosures
c: w/enc: United States Attorney Northern District of Texas

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

RANDALL HOWARD WOLFORD,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

PETITIONER'S MEMORANDUM OF LAW
IN SUPPORT OF SUCCESSIVE § 2255
MOTION

---

## INTRODUCTION

Petitioner has filed a previous § 2255 Motion and relief was denied, and his direct appeal was affirmed by this Court from the judgment of conviction for Enticing a Minor, which he further filed a <u>Cert</u>. with the United States Supreme Court and that was <u>not</u> granted. Petitioner received a sentence of 292-months and Life of Supervised Release.

## STATEMENT OF THE CASE

Petitioner, after having had a trial by jury was convicted of Enticment of a Child. in violation of Title 18, U.S.C. § 2422(b). Petitioner has exhaust every possible avenue for relief from the judgment of conviction. He seeks this final possible remedy with this Court where he is actually innocent of the crime and charges within, and respectfully requests that the Court review the evidence of the case, not simply the past bad acts.

Petitioner is actually innocent, in that he is factually and legally in fact innocent and is deserving of this Court's attention to correct the grievious wrong caused Petitioner.

## STATEMENT OF FACTS

1. Petitioner was online chatting with a person, who was in fact a law enforcement officer.

2. The law enforcement officer had in fact be asked several times by the

Petitioner whether or not they were law enforcemnet, which the officer denied.

3. Officer Milner in his Complaint in this case attests that he had advised that the question had been posed of whether they were law enforcement, and that he denied he was a law enforcement agent.

4. That throughout the online chats within whom Petitioner believed he chatting with a young girl did Petitioner in fact advise the alleged "enticed" victim that he was going there to meet her for more than to "meet to have a meal" or have a "picnic" and that was all, there was nothing more. See Affidavit of Wolford, ¶¶ 1-3.

5. The clear language of the statute, and jury instructions provide that it is not a crime, nor is it criminal to "entice" a juvenile to meet an adult at a McDonald's to ... "have a meal." Id. ¶ 3. Clearly the language of such statute is lacking of criminal intent, and for the government to have established more than the meeting for a meal.

### ARGUMENTS ESTABLISHING ACTUALLY INNOCENT

The Supreme Court has recognized that the "cause and prejudice" requirement has an "actual innocense" exception. Murray v. Carrier, 477 U.S. 78, 106 S. Ct. 2639 (1986). The Supreme Court held that, in order to invoke this exception, a federal habeas corpus petitioner is required to show that a constitutional violation has "probably" resulted in the conviction of one who is actually innocent. Schlup v. Delo, 130 L.Ed. 2d 808, 513 U.S. 298.

In the instant action Petitioner was convicted of enticement of a child. Therefore there was requirements of having a sexually solicitous communication by means of interstate commerce. United States v. Murrill, 368 F.3d 1283, 1286, 95 fed. Appx. 1283 (11th Cir. 2004). To establish an attempt as a crime, proof is required: (1) that the defendant intended to commit the underlying criminal offense with the requisite mes rea, and (2) that the defendant engaged in conduct which

constituted a substantial step toward the commission of that crime and which strongly corroberates the defendant's criminal intent. United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001); United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007). It is, however, the clearly established law of the circuit that to prove an attempted exploitation offense under 18 U.S.C. § 2242(b), the Government does not have to prove the existence or identity of a ... specific minor victim; a fictitious minor will suffice ... so long as the defendant understood and believed that a minor was involved. United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002). The absence of a real minor victim is meaningless because the essence of the crime is the attempted ... enticement of someone the defendant believes to be a minor, not actually engagement in sexual activity with a minor. Murrell, 368 F.3d at 1286.

The government was thus required to establish that Petitioner traveled to the meeting to committ the overt act, in addition to his communications in the chat room and conversations, to advance his predatory designs. Yost at 479 F.3d at 820. Citing United States v. Bailey, 228 F.3d 637, 639-40(6th Cir. 2000), and United States v. Thomas, 410 F.3d 1235, 1246 (10th Cir. 2005), the Yost court concluded that "[v]iewing the totality of Yost's actions, we ... conclude that Yost crossed the line from mere 'talk' to inducement." Id. There the Court concluded that there was more than an attempt by the defendant having actually induced the victim to meet for purposes of sexual encounter, unlike in the instant case.

Because "actual innocense" means factual innocence, not merely leal insufficiency," the government may rely on admissible evidence of guilt even if that evidence was not presented and not merely legally innocent. Brousely v. United States, 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed. 2d 828 (1988) (citations ommitted).

Recently the United States Supreme Court held that the one-year time in which to file a § 2255 Motion based upon the actual innosence ground may be in fact waived. See McQuiggins v. Perkins, ___ S.Ct. ___ (No.12-126)(May 28, 2013) ("Actual innocence, if proved, serves as a gateway through which a defendant may pass whether the impediment is a procedural bar or expiration of the AEDPA statute of limitations, as in this case).

Therefore, because Petitioner is actually innocent, his claims should be authorized by this Court to proceed in the trial court for an evidentary hearing and subsequently that the Petitioner be granted a new trial.

Dated: August 12, 2013

Respectfully submitted,

*Randall H Wolford*

Randall Howard Wolford/#28105-177
FCI-Oakdale
Post Office Box 5000
Oakdale, LA 71463-5000

Petitioner Pro se

-4-

# UNITED STATES COURT OF APPEALS
## ~~ELEVENTH~~ FIFTH CIRCUIT

### APPLICATION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE 28 U.S.C. § 2255 BY A PRISONER IN FEDERAL CUSTODY

Name __Randall Howard Wolford__   Prisoner Number __38105-177__

Institution __FCI-Oakdale, Louisiana__

Street Address __Post Office Box 5000__

City __Oakdale,__   State __Louisiana__   Zip Code __71463-5000__

### INSTRUCTIONS--READ CAREFULLY

(1) This application must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

(2) All questions must be answered concisely in the proper space on the form.

(3) The Judicial Conference of the United States has adopted the 8½ x 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(4) All applicants seeking leave to file a second or successive petition are required to use this form, except in capital cases. In capital cases only, the use of this form is optional.

(5) Additional pages are not permitted except with respect to additional grounds for relief and facts which you rely upon to support those grounds. DO NOT SUBMIT SEPARATE PETITIONS, MOTIONS, BRIEFS, ARGUMENTS, ETC., EXCEPT IN CAPITAL CASES.

## APPLICATION

1. (a) State and division of the United States District Court which entered the judgment of conviction under attack __Northern District of Texas (Fort Worth)__

   (b) Case number __4:08-cr-165-A__

2. Date of judgment of conviction __April 24, 2009__

3. Length of sentence __292/Life__  Sentencing Judge __john McBryde__

4. Nature of offense or offenses for which you were convicted: __1 Count 2422(b) Enticing a Minor__

5. Related to this conviction and sentence, have you ever filed a motion to vacate in any federal court?
   Yes (XX) No ( )  If "yes", how many times? _____ (if more than one, complete 6 and 7 below as necessary)
   (a) Name of court __Fifth Circuit Court of Appeals__
   (b) Case number __09-10454__
   (c) Nature of proceeding _____

   (d) Grounds raised (list all grounds; use extra pages if necessary) __First Amendment violation, improper jury instruction; Confrontation Clause; Rule 404(b) and Rule 403 Violations; Erroneous Application of the Upward Departure.__

   (e) Did you receive an evidentiary hearing on your motion?  Yes ( ) No (XX)
   (f) Result __Affirmed Sentence and Conviction__

   (g) Date of result __July 19, 2010    Cert to U.S. Supreme Court No. 10-6923 Cert. Denied November 15, 2010__

6. As to any second federal motion, give the same information:
   (a) Name of court _____
   (b) Case number _____
   (c) Nature of proceeding _____

(d) Grounds raised (list all grounds; use extra pages if necessary) _____
_____
_____
_____
_____

(e) Did you receive an evidentiary hearing on your motion?    Yes ( )   No ( )
(f) Result _____
_____

(g) Date of result _____

7. As to any third federal motion, give the same information:
   (a) Name of court _____
   (b) Case number _____
   (c) Nature of proceeding _____
   _____
   _____

   (d) Grounds raised (list all grounds; use extra pages if necessary) _____
   _____
   _____
   _____
   _____

   (e) Did you receive an evidentiary hearing on your motion?    Yes ( )   No ( )
   (f) Result _____
   _____

   (g) Date of result _____

8. Did you appeal the result of any action taken on your federal motion? (Use extra pages to reflect additional petitions if necessary)
   (1) First motion         No ( )  Yes ( ) Appeal No. _____
   (2) Second motion        No ( )  Yes ( ) Appeal No. _____
   (3) Third motion         No ( )  Yes ( ) Appeal No. _____

9. If you did not appeal from the adverse action on any motion, explain briefly why you did not _____
   _____
   _____
   _____
   _____

10. State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

   A. Ground one: _____
   _____
   Supporting FACTS (tell your story briefly without citing cases or law):
   _____
   _____
   _____
   _____
   _____

   Was this claim raised in a prior motion?   Yes ( ) No ( )

   Does this claim rely on a "new rule of law?"   Yes ( )   No ( )
   If "yes," state the new rule of law (give case name and citation):
   _____
   _____

   Does this claim rely on "newly discovered evidence?"   Yes ( )   No ( )
   If "yes," briefly state the newly discovered evidence, and why it was not previously available to you _____
   _____
   _____
   _____
   _____
   _____

   B. Ground two: _____
   _____
   Supporting FACTS (tell your story briefly without citing cases or law):
   _____
   _____
   _____
   _____
   _____

   Was this claim raised in a prior motion?   Yes ( ) No ( )

Does this claim rely on a "new rule of law?"   Yes ( )   No ( )
If "yes," state the new rule of law (give case name and citation):
_____
_____

Does this claim rely on "newly discovered evidence?"   Yes ( )   No ( )
If "yes," briefly state the newly discovered evidence, and why it was not previously available to you _____
_____
_____
_____
_____
_____
_____
_____

[Additional grounds may be asserted on additional pages if necessary]

11. Do you have any motion or appeal now pending in any court as to the judgment now under attack?   Yes ( )   No (X)
If "yes," name of court _____ Case number _____

Wherefore, applicant prays that the United States Court of Appeals for the ~~Eleventh~~ *Fifth* Circuit grant an Order Authorizing the District Court to Consider Applicant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.

*[signature: Randall H. Belford]*
Applicant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this Application are true and correct.

Executed on  August 13, 2013.
                    [date]

*[signature: Randall H. Belford]*
Applicant's Signature

## PROOF OF SERVICE

Applicant must send a copy of this application and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on  August 13, 2013 , I mailed a copy of this Application* and
                       [date]
all attachments to  Clerk of Court-5th Circuit, 600 Maestri Place, New Orleans;
United States Attorney, 501 West Tenth Street, Fort Worth, Texas 76102
at the following address:

_Randall H. Wolford_
Applicant's Signature

---

* Pursuant to Fed.R.App.P. 25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

*28 U.S.C. § 2255 Application*          Page 7          Revised 1/02/01

UNITED STATES COURT OF APPEALS
FOR THE FIRFTH CIRCUIT

---

RANDALL HOWARD WOLFORD,

    Petitioner,

vs.              AFFIDAVIT OF RANDALL HOWARD WOLFORD

UNITED STATES OF AMERICA,

    Respondent.

---

  RANDALL HOWARD WOLFORD, subject to the penalty of perjury this 12th day of August, 2013, states the foregoing is true and correct to the best of his knowledge and belief:

  1. Affiant makes this affidavit based upon his personal knowledge and belief in the forgoing, based upon his recollections of the chatting online with someone he beliebed to not be a policeman and who was in fact a police decoy;

  2. Affiant makes this affidavit to establish that while he had agreed to meet with a girl, who was alleged to have been 13-years of age, it was for nothing more than to get to know her, for a meal or to have a picnic, and at all time the affiant wished to go slow in the relationship;

  3. While Affiant did have several online conversations in the chatroom, he did not believe he was in fact committing a crime by his actions, and was clearly not guilty of the enticing of a child of more than, "meeting to have a meal";

  FURTHER, subject to the penalty of perjury this 12th day of August, 2013, affiant says not, except to the above statements of fact.

                *[signature: Randall H Wolford]*

                Randall Wolford - Affiant

Randall H. Wolford 38105-177
FCI-Oakdale
Post Office Box 5000
Oakdale, LA 71463-5000

UNITED STATES ATTORNEY
Northern District of Texas – Fort Worth Division
United States Courthouse
501 West Tenth Street
Fort Worth, Texas 76102

